No. 17,317.

POTTER *v.* POTTER ET AL.
(278 P. [2d] 1020)

Decided January 17, 1955.   Rehearing denied February 7, 1955.

Mr. ARTHUR EVERETT SMALL, JR., Mr. ALBERT LATHAM, JR., for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A.

WACHOB, Deputy, PATRICIA H. MALOY, Assistant, Mr. BERT M. KEATING, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

JOSEPHINE POTTER and the County of Los Angeles, State of California, as plaintiffs, filed a verified complaint in the Superior Court in the County of Los Angeles, State of California, in which reimbursement of funds used in the support of a minor child was sought under the Reciprocal Enforcement of Support Law of California, naming Howard Potter as defendant. The complaint and other documents specifically required under the provisions of both the California and our Reciprocal Enforcement of Support Laws were forwarded to the district court of the City and County of Denver; process was regularly issued and served upon defendant, who filed his answer to the complaint. Upon trial before said district court, judgment was entered in favor of plaintiff, Josephine Potter, requiring defendant to pay for the support of the minor dependent, Luella Potter, the sum of $50.00, the first installment of which was payable on December 1, 1953, and a like installment to be paid monthly thereafter. Defendant brings the cause to this Court by writ of error seeking reversal of the judgment.

In considering this case, we are called upon to determine whether, under the Reciprocal Enforcement of Support Law of California, a parent residing in Colorado may lawfully be compelled by judgment of a Colorado court to provide support for a minor child residing in California when the States of California and Colorado both have enacted a uniform Reciprocal Enforcement of Support Law. The uniform support law enacted by the State of California is found in its Code of Civil Proce-

16

dure, section 1650-1690; the Colorado Uniform Reciprocal Enforcement Support Law is in C.R.S., 1953, 43-2-1, et seq., and said reciprocal laws are, so far as affecting civil liability, substantially the same.

In the complaint it is alleged that Luella ·Potter was born September 18, 1936; that she resides with her mother in Los Angeles county, California, and is entitled to support by defendant. Further, that in 1948, and subsequent thereto, defendant has refused and neglected, and still refuses and neglects, to provide fair and reasonable support for said minor according to his earning means and capacity; further, it is alleged that the sum of $77.00 per month is necessary for the expenses of Luella, and that from July 19, 1950, until May 31, 1953, the County of Los Angeles has expended toward the support of the minor the sum of $1,549.59. There is also an allegation that Colorado has enacted a law substantially similar to the Reciprocal Enforcement of Support Law of California.

The prayer is for a judgment of the Colorado district court, directing defendant to pay a fair and reasonable amount for the support of the minor, and for reimbursement of plaintiff County of Los Angeles, State of California.

At the trial in the district court in Colorado, defendant was called as a witness by plaintiff and testified that he had not furnished any support for the minor since 1946 because, during the years 1946 and 1947 he was ill "and couldn't do anything." He further testified that he was presently employed as a radiographic technician, receiving for his services the sum of $325.00 per month after income tax deductions, and, in addition thereto, disability compensation from the United States Government amounting to $118.00 per month; further that he had remarried, since which a child was born. He owned no real estate or bonds, and had no income except his salary and disability compensation. He further testified that he was the owner of a 1953 Packard automobile upon which there

was an indebtness of $2,300.00, payable at the rate of $111.00 per month; that he owed $900.00 for furniture, payable at the rate of $68.00 per month; and that he paid $9.00 monthly on a stove. He also had executed a note in the sum of $150.00 which was due December 15, 1953. His rent for an apartment was $110.00 a month. His incidental household and office expenses including insurance, amounted to $61.35, without any estimate for food and clothing. His total monthly installment payments and business expenses of $478.38 exceeded his income, and that his wife, from her earnings, supplied the deficit, but that he "guessed" that he could pay $20.00 a month "in round figures" toward the support of Luella if a liability therefore should be adjudged. He further testified that he and plaintiff were married October 14, 1922, and were divorced November 11, 1943, in El Paso, Texas, and that Luella was his child.

The only evidence offered by plaintiff was the testimony of defendant Potter, which, in itself, was sufficient to fully support the allegations of the complaint.

Defendant offered in evidence as exhibits a decree of divorce entered by the district court of El Paso county, Texas, on November 11, 1943, in which the court limited its support orders for the minor children of the parties until they reached the age of sixteen years, and a modification of that decree entered on January 3, 1946, relieved defendant of support of all of the children of the parties except Luella, and the court ordered her support until she reached the age of sixteen years. No attempt was made to comply with the provisions of Rule 44, R.C.P. Colo., and these exhibits were not admissible in evidence for any purpose. The district attorney improperly waived any objection to their offer. It was the contention of counsel for defendant that these documents were entitled to full faith and credit under the provisions of section 1, Article VI, of the Constitution of the United States.

Defendant's counsel take the position on the present

review that the judgment should be reversed because: 1. The court failed, at the conclusion of plaintiff's evidence, to grant his motion for dismissal for the reason that the evidence "totally failed to prove the allegations of their complaint," and 2. failure of the trial court "to recognize and give full faith and credit to the Texas decree and support orders."

■ 1. The undisputed evidence established that Luella did not reach the age of eighteen years until September 18, 1954, and that defendant had failed and neglected to comply with the order of the Texas court since 1946. The evidence also establishes that defendant has assumed that his personal expenses and obligations rising out of his second marriage are his primary obligation and that the support of Luella is a secondary one. In this he is clearly mistaken; the converse is the rule, and the citation of decisions in support thereof is wholly unnecessary. The trial court properly denied the motion of defendant's counsel for dismissal.

■ 2. Assuming that the Texas court decree and the modification thereof were properly before the trial court for its consideration, no error was committed by that court in failing to give the decree and the modification thereof credit under the full faith and credit provision of our Federal Constitution, supra. In order to avail oneself of the full faith and credit provisions of the Federal Constitution, the judgment or decree entitled to such full faith and credit must be a final judgment. *State ex rel. Weingart vs. Kiessenbeck,* 167 Ore. 25, 114 P. (2d) 147; *Ades v. Ades,* 70 Ohio App. 487, 45 N.E. (2d) 416; *Beard v. Beard,* 57 Cal. App. (2d) 579, 135 P. (2d) 9; 50 C.J.S., p. 478, sec. 889 (3); 31 Am. Jur., p. 166, sec. 558.

Under the following Texas decisions, the decree here in question was not a final judgment. *Lakey v. McCarroll,* 134 Tex. 191, 134 S.W. (2d) 1016; *Morgan v. Drescher* (Tex. Cir. App.), 219 S.W. (2d) 488.

■ Defendant relies largely upon the case of *Yar-*

borough v. Yarborough, 290 U.S. 202, to support his claim that the Texas decree was entitled to full faith and credit. Had counsel carefully read and understood the Yarborough case, we feel quite certain that it would not have been cited in support of defendant's claim here. In the Yarborough case, the Georgia decree of divorce, containing a provision for the support of a minor child, was, under the Georgia decisions, a *final judgment,* and it was unalterable, as is two or more times specifically mentioned in the decision and cases therein cited to support the unalterability of the Georgia decree. The Georgia decree was, therefore, entitled to full faith and credit as a final and unalterable judgment, while in the present case, the converse is true. The trial court did not err in denying full faith and credit to the Texas decree and modification order.

We call attention to the following decisions respecting the constitutionality and enforcement of reciprocal enforcement of support laws: *Duncan v. Smith* (Ky.) 262 S.W. (2d) 373; *Smith v. Smith* (Calif. Dist. Ct. App.) 270 P. (2d) 613; *Commonwealth of Pennsylvania v. Warren,* 204 Md. 467, 105 A. (2d) 488; *Mahan v. Read,* 240 N.C. 641, 83 S.E. (2d) 706; *Commonwealth of Pennsylvania v. Mong,* 160 Ohio St. 455, 117 N.E. (2d) 32.

The judgment of the trial court is affirmed.