No. 17,495.

CLYDE W. MINNEAR *v.* EDNA M. MINNEAR.
(281 P. [2d] 517)

Decided March 21, 1955.

Messrs. RADINSKY, KRIPKE & MCLEAN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THIS action involves the validity of an order of dismissal of a petition filed by plaintiff, now plaintiff in error, to set aside and declare void a purported property settlement agreement entered in, and made a part of, a divorce decree between plaintiff and his wife on August 25, 1950, in the court of record of Escambia county, Florida, by the terms of which plaintiff was ordered to pay permanent alimony in the sum of $250.00 per month so long as his wife remained unmarried or as long as plaintiff remained on active duty in the United States navy. In the present action plaintiff alleges that the property settlement was obtained by defendant through trickery, fraud, deceit, undue influence and overreaching, and therefore is totally void, and prays the court for an order setting aside the alleged property settlement agreement and declaring the same to be totally void.

At the time of filing the motion or petition here, it was accompanied by exemplified copies of all the written pleadings, court orders, judgments and decrees entered in the Florida court in connection with the proceeding, and service upon defendant was made by delivering to her copies of the summons and plaintiff's motion or petition, by deputy sheriff of San Francisco county, California, on the 17th day of March, 1954. On April 12, 1954, Robert W. Baker, an attorney in Denver, Colorado, filed a motion to dismiss in the following language: "Comes now the Plaintiff [defendant] by her attorney Robert W. Baker, appearing specially and for purposes of this motion only, and moves the court to dismiss the above styled action for the reason that this Court does not have jurisdiction." On argument of this motion to the court it was sustained and the cause dismissed. A review of this order of dismissal is sought by procuring

the issuance of a writ of error from this Court. Plaintiff contends that since our statute gives the district courts of Colorado jurisdiction in such matters, the only problem that remains is that of accomplishing service upon defendant, and argues that the motion, intended as a special appearance, was in law a general appearance of defendant. With this latter contention we agree; however, since we have determined that a dismissal of this action must prevail for reasons later discussed herein, the error in dismissing for lack of jurisdiction will not be, in this case, considered as reversible error. Had defendant's motion been on grounds for lack of jurisdiction of the person it would have been a special appearance; however, when it was directed to the whole jurisdiction of the court, then it included jurisdiction as to the subject matter and constituted a general appearance.

As authority for instituting this action, counsel for plaintiff rely upon the following statute, chapter C.R.S. 1953, 46-4-1:

"Upon the docketing in a court of competent jurisdiction in this state of exemplified copies of all the written pleadings and court orders, judgments and decrees in a case of divorce, separate maintenance, annulment or for support of minor children, or a wife, or for a combination of the same, entered in any court of competent jurisdiction in any other state or jurisdiction having reciprocal provisions for a like enforcement of orders, judgments or decrees entered in the state of Colorado, whether entered prior or subsequent to the effective date of this article, and upon obtaining jurisdiction by personal service of process, as may now or hereafter be provided by the rules of civil procedure, said court in this state shall have jurisdiction over the subject matter and of the person in like manner as if the original suit or action had been commenced in this state, and is empowered to amend, modify, set aside and make new orders as the court may find necessary and proper so as to do justice and equity to all parties to the action according to the

public policy of this state and shall have the same right, power and authority to enter orders for temporary alimony, support money and attorney's fees, as in other similar actions originating in the state of Colorado.

"The courts of this state in cases of divorce, separate maintenance, annulment, or for support of minor children or a wife, or for any combination of the same, where the action originated in this state, shall have power to enforce the decrees, judgments and orders of other states or jurisdictions made pursuant to statutes similar to this statute, or amend the same, or enter new orders, to the same extent and in the same manner as though such decrees, judgments and orders were entered in the courts of this state."

It is not alleged in plaintiff's petition that the exemplified copies, docketed with his petition, are from a court of another state or jurisdiction having reciprocal provisions for a like enforcement of orders, judgments or decrees entered in the State of Colorado, and with the bald statement that the district court of Denver has jurisdiction, we are not provided with any information or citations concerning whether or not the State of Florida has a similar statute. We might state that in the last analysis that does not make too much difference, because we are now ready to say that the statute is unconstitutional.

Some confusion has likely arisen concerning the use of the words, "* * * other state or jurisdiction having reciprocal provisions for a like enforcement of orders, etc. * * *," and our "Uniform Reciprocal Enforcement of Support Act" chapter 151, S.L. 1951, the purposes of which are clearly revealed by the title of the Act, "An Act Authorizing and Prescribing the Procedure for Civil Proceedings to Compel the Support of Dependent Wives, Children and Poor Relatives Within and Without the State."

The Act herein set out concerns actions originating in other jurisdictions and is designated "Foreign decrees—

how handled." It likely never will be known whether or not our Legislature ever considered in adopting the so-called "Uniform Act" the conflict apparent with chapter 46-4-1, supra. The so-called "Uniform Act" is strictly an Act for the enforcement of the judgments of other states in nonsupport matters, while chapter 46-4-1, supra, is an Act providing how the judgments of the courts of other states in such matters may be set aside and held for naught. If we have thus properly construed the Act herein set out, and it is held to be constitutional, it would necessarily be with a total disregard of the full faith and credit clause of the United States Constitution, Article IV, section 1, "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state * * *." Thus it appears that the statute if followed would, in effect, amount to very little faith and no credit to the foreign judgment.

██ The power of the legislature to fix and determine the jurisdiction of our courts is subject to the restriction thus imposed by the federal Constitution. To abide this restriction our courts are open for the recognition and enforcement of valid foreign judgments, and not to declare a judgment of another state, in full force and effect for a number of years, totally void, as is here attempted. Moreover, the record of the Florida court, which is before us, discloses that the alleged property settlement herein complained of and sought to be set aside, was of plaintiff's making, since the decree of divorce embodied the agreed settlement as to permanent alimony between plaintiff and defendant. There is no showing that fraud or deception was practiced upon plaintiff, and he accepted the provisions of the settlement and complied therewith for a long period of time, all without any complaint in the court where the decree originated. The complaint herein is wholly insufficient to attack the foreign judgment on the grounds of fraud.

For the reasons herein indicated, we determine chapter 46-4-1, '53 C.R.S. to be unconstitutional as in viola-

tion of the full faith and credit clause of the federal Constitution, and therefore this, or any other proceeding initiated thereunder for the purposes attempted in the instant case, cannot be effective and should be dismissed. The judgment of dismissal entered by the trial court, even though for wrong reasons, should be, and is, affirmed.