WERNER D. MOCK, PLAINTIFF, v. WINIFRED M. MOCK AND AMERICAN HOECHST CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 23, 1977.

*Mr. Jon J. Auty* for plaintiff (*Messrs. Breslin & Breslin,* attorneys).

*Mr. Douglas S. Brierley* for defendant American Hoechst Corporation (*Messrs. Schenck, Price, Smith & King,* attorneys).

CASSIDY, J. J. D. R. C., Temporarily Assigned. This action poses a novel question dealing with comity and the full faith and credit doctrine in relation to the recognition of foreign judgments.

Defendant, Winifred M. Mock, obtained an order out of the New York Supreme Court to garnish plaintiff's salary to wit, $800 from plaintiff's first paycheck, $725 from the second, and $325 on each paycheck thereafter. Plaintiff receives approximately $762 every pay period and this sum will be reduced to approximately $720 commencing January 1978. The payroll department of plaintiff's employer, defendant American Hoechst Corporation, where the salary checks are issued, is in Somerville, New Jersey.

Plaintiff requests the court to enjoin defendants from garnishing his salary without due process, in accordance with the laws of New Jersey. No judgment for arrearages in

support or attorney's fees has ever been entered against plaintiff in New Jersey.

■■ New Jersey courts will give full faith and credit to a valid judgment of a foreign state with respect to alimony when the past due installments are irrevocable, absolute and vested under the law of the state in which the judgment was entered, and where plaintiff has submitted himself to the foreign jurisdiction. *Woodhouse v. Woodhouse,* 15 *N. J.* 550 (1954); *Higginbotham v. Higginbotham,* 84 *N. J. Super.* 232 (Ch. Div. 1964) rev'd 92 *N. J. Super.* 18 (App. Div. 1966). When the judgment is one subject to modification by the foreign jurisdiction, such judgment will not be entitled to full faith and credit in New Jersey. *Tellian v. Healy,* 60 *N. J. Super.* 539 (Law Div. 1960).

It appears from the facts before this court that the judgment obtained by defendant Winifred M. Mock in New York is valid. However, the procedural aspects and means of enforcing and collecting such judgment in New Jersey pose a problem as to their validity in New Jersey. Under N. Y. Personal Property Law § 49–b (McKinney 1976), defendant would be able to garnish the entire salary of plaintiff to satisfy the amount for which plaintiff is in arrears. The issue presented is whether this form of collection of a judgment is contrary to the legislative intent of this State.

In *Casteel v. Casteel,* 45 *N. J. Super.* 338, 354 (App. Div. 1957), the court held that

> [E]very state is entitled to enforce in its own courts the policy of its own statutes on subjects properly the incidents of its jurisdiction, and the full faith and credit clause of the United States Constitution does not require otherwise unless the conflicting statute or judgment of another state is shown, on some rational basis, to have [had] a superior basis for recognition.

Citing *Alaska Packers Ass'n v. Cal. Industrial Accident Comm'n,* 294 *U. S.* 532, 55 *S. Ct.* 518, 79 *L. Ed.* 1044 (1935).

This is not to say that all judgments contrary to New Jersey public policy will not be enforced, as in *Whitehead v.*

*Villapiano*, 16 *N. J. Super.* 415 (App. Div. 1951), where the court upheld an offensive alimony judgment because there was a specific agreement between the parties.

However, in the present matter we have a valid judgment of a sister state with a statute enforcing such judgment which is against the policy of this State. In *Alaska Packers Ass'n, supra*, it was held that when the foreign statute is in conflict with that of the forum, the full faith and credit doctrine should not be given automatic effect in favor of the foreign statute, compelling the forum to subordinate its own statutes to those of the other, but such conflict should be resolved by appraising the interests of each jurisdiction. In this case the legislative intent of New Jersey outweighs that of the sister jurisdiction of New York.

Defendants cite numerous New York decisions holding that New York has the power to enforce such types of judgments in its jurisdiction. However, what may be strong public policy in one jurisdiction may be offensive and unconscionable in a sister state.

In the famous case of *Faunlleroy v. Lum*, 210 *U. S.* 230, 28 *S. Ct.* 641, 52 *L. Ed.* 1039 (1907), cited by defendants, a gambling debt of a sister state was enforced in the forum state where gambling is and was illegal and against public policy. However, the enforcement and collection of the debt itself was not. By contrast, in the facts before this court, the judgment of arrearages in alimony is recognized as valid but the court finds that the means of enforcement and collection is contrary to New Jersey legislative intent and public policy.

This court also holds the defendants herein must seek enforcement of this judgment consistent with and limited to *N. J. S. A.* 2A:17–57 *et seq.*