*779 OPINION OF THE COURT
Shanley N. Egeth, J.
Plaintiff, the former wife of the defendant, moves for an order granting her summary judgment in lieu of complaint, pursuant to CPLR 3213 predicated on a judgment of divorce granted by the Superior Court of New Jersey.
In essence, the plaintiff urges that those provisions of the New Jersey judgment which do not specifically relate to the dissolution of the marriage should be incorporated into a judgment of this court.
The application presents an intriguing issue and one which may have a far-reaching effect.
Clearly, New York is obliged by section 1 of article IV of the Constitution of the United States to give full faith and credit to a judgment of a sister State. The United States Supreme Court has held that full faith and credit must be given to a sister State judgment if that judgment is definite and certain and for a specific amount (Barber v Barber, 21 How [62 US] 582). But if the judgment is subject to a modification by the rendering court, it need not be afforded full faith and credit (Lynde v Lynde, 181 US 183, reconciled with Barber v Barber, supra, in Sistare v Sistare, 218 US 1).
While the Federal mandate prescribes minimum requirements with which the State must comply, there is nothing in the Federal Constitution to prevent a State from enforcing a sister State’s judgment which does not attain the level of mandatory full faith and credit standards.
CPLR article 54 sets forth the procedure by which judgments of sister States may become, in effect, judgments of the courts of this State. The filing of any out-of-State judgments in the office of the County Clerk is a first step. (CPLR 5402.) CPLR 5406 establishes the right of a judgment creditor under an out-of-State judgment to proceed by a motion for summary judgment in lieu of complaint as an alternative to filing the judgment.
It was apparently contemplated that CPLR article 54 would apply to all judgments of sister States, irrespective of "whether the foreign judgment requires the payment of money, or orders or restrains the doing as [sic] an act, or declares rights or duties of any other character in law or equity, in probate, guardianship, receivership, or any other type of proceedings.” (Thirteenth Ann Report of NY Judicial *780 Conference, 1968 pp 258-259.) CPLR 3213 authorizes a motion for summary judgment in lieu of complaint in an action based on any judgment.
The Family Court has been granted jurisdiction to enforce an order or decree of an out-of-State court providing alimony or support, and to modify such order or decree on the ground of change of circumstance (Family Ct Act, § 461, subd [b]; § 466, subd [c]; Gutillo v Gutillo, 30 AD2d 484). Under article VI (§§ 7, 13, subd d) of the New York State Constitution, the Supreme Court has this same jurisdiction to enforce or modify the orders or decrees of sister States which grant alimony and/or child support. (Matter of Seitz v Drogheo, 21 NY2d 181.)
In the case at bar, the judgment obtained in New Jersey contains provisions which may be classified as follows:
(a) A provision (par G) which determines the arrears as of June 26, 1978 and granted the plaintiff a judgment therefore in the amount of $18,931.
(b) A provision requiring the defendant to pay weekly alimony and child support (pars C, D) and directing that payments be made through the Bergen County Probation Department (par E).
(c) A provision directing the defendant to maintain health insurance coverage for the two infant children of the marriage and also requiring him to be responsible for medical, dental and prescription drug expenses incurred for the children (par F).
(d) A provision directing the defendant to hold certain shares of stock in trust for his children, in equal shares, to be turned over to each child when each child attains her majority (par H.4.).
(e) A provision directing the defendant to pay specified sums to the plaintiff’s accountant and attorneys (pars I, J).
The provisions of the New Jersey judgment, referred to herein in (a), relating to the fixation of arrears, and granting a judgment thereon, clearly constitutes a judgment which is entitled to full faith and credit. The New Jersey determination that moneys were due, unpaid and owing, was a final one, and the precise amount was definitely fixed by the court. The plaintiff was granted a separate judgment in that amount.
The remaining provisions of the New Jersey judgment, insofar as they relate to the plaintiff, do not represent a final *781 determination of a fixed amount of money then found to be due. They consist of directions to the defendant for the payment of money. They are all subject to modification in New Jersey (NJSA, § 2A-.34-23), and accordingly they are not mandatorily required to receive full faith and credit (Nichols v Nichols, 306 NY 490; Hatoff v Hatoff, 41 Misc 2d 1007). This, however, does not prevent this court from nevertheless enforcing portions of the New Jersey judgment under the authority created in the Family Court Act provisions hereinbefore discussed.
Despite the vigorous arguments asserted by the defendant in opposition to the granting of the relief sought by the plaintiff, movant herein, this court does not construe the immediate relief sought in this motion to include a present effort to attain a specific money judgment or to invoke this court’s contempt power to compel enforcement of the specific provisions of the New Jersey judgment. This court construes this motion to seek nothing more than the conversion of the New Jersey judgment into a New York judgment. The granting of this motion would result in a New York decree directing the defendant to comply with the provisions of the New Jersey decree. It would thereafter enable a New York court to entertain specific applications to invoke particular powers and remedies to enforce noncompliance with the provisions thereof. It would enable a New York court to entertain application for modification of the judgment. Enforcement of such a New York judgment would require a future additional, separate judicial application in which specific relief is demanded to procure compliance (money judgment, contempt, sequestration, etc., under Domestic Relations Law, § 243 et seq.).
The nature of the defendant’s opposition to this motion reflects that the defendant does not recognize the distinction between the procurement of an order or judgment in this State directing compliance with the provisions of the New Jersey judgment, and the procurement of an order for the enforcement or implementation of those provisions.
The arguments and questions asserted by the defendant may constitute a defense in any attempt by plaintiff to seek enforcement of many provisions of the judgment. They may raise questions of fact which mandate a trial or hearing before the plaintiff’s right to implementation or enforcement can be determined. The granting of this motion to convert the New *782 Jersey judgment into a New York judgment in no way nullifies or abridges the right of the defendant to assert or litigate any claims or defenses which would justifiably bar enforcement of any of the provisions of the judgment or decree.
The defendant is presently a resident of New York. From the papers submitted it seems clear that he does not enter the State of New Jersey in order to avoid arrest for noncompliance with the provisions of outstanding orders of New Jersey courts. The plaintiff is apparently incapable of securing process which would enable implementation of the New Jersey judgment in New Jersey. Although plaintiff could immediately docket a judgment in New York for the definite sum of $18,931 already finally determined in the New Jersey judgment, such partial implementation of the judgment achieves little in terms of a resolution of the outstanding problem.
Under the present circumstances, the requirements of justice and public policy mandate that this plaintiff not be left bereft of any means or remedy to implement a judgment of a sister State which provides sustenance and support for the plaintiff and her children. No useful purpose would be served by an effort to convert portions of the New Jersey judgment into a New York judgment, while denying such treatment to other portions. The granting of this motion will afford the plaintiff a meaningful opportunity to secure the satisfaction of rights which have already been judicially determined in another forum, while simultaneously affording the defendant an opportunity to litigate the merits of any defenses thereto which he may possess or to attempt to procure any appropriate modification or other relief to which he is entitled.
The motion to convert the New Jersey judgment into a New York judgment is therefore granted.