Joyce Eileen STEVENS,
Plaintiff-Appellee,

v.

Richard Paul STEVENS,
Defendant-Appellant.

No. 79CA0606.

Colorado Court of Appeals,
Div. I.

May 1, 1980.

Robert M. Nicholas, Wheatridge, for plaintiff-appellee.

John A. Wilson, Lakewood, for defendant-appellant.

COYTE, Judge.

Husband appeals the trial court judgment which adopted and enforced a Texas court order which adopted the parties' Colorado divorce decree, but which modified appellant's child support obligation. Husband further contends that the trial court erred

by considering parol evidence to modify the parties' maintenance agreement. We affirm.

On March 1, 1972, the parties obtained a Colorado divorce, and subsequent thereto, the court incorporated their stipulation into the decree. This agreement included provisions for maintenance and for child support. On September 26, 1974, the Colorado court: (1) denied wife's motion for increased child support payments; (2) denied husband's motion to terminate maintenance payments; (3) approved wife's relocation to Texas where she and the children had been living since February 1, 1974; and (4) retained jurisdiction in the matter.

On June 26, 1975, wife brought an action in the Texas court seeking an increase in child support payments because of materially changed conditions. Husband was personally served with process in Texas. He specially appeared to challenge the jurisdiction of the Texas court, and the Texas court found that it had jurisdiction. Husband answered the complaint and also sought reduction in the maintenance provision. The Texas court found: (1) that the children reside and are domiciliaries of the State of Texas; (2) that no other court retained continuing exclusive jurisdiction; (3) that the provisions of the Colorado divorce decree, including the stipulation, should be adopted by the Texas court; (4) that the child support payments should be increased because of a material change of conditions since the last Colorado court order; and (5) that Texas lacked jurisdiction to alter the maintenance provision. The Texas court adopted the Colorado child support decree as its own and then modified the Texas decree. Husband appealed to the Texas Court of Appeals where the order was affirmed.

On August 30, 1978, husband ceased paying maintenance, allegedly pursuant to the agreement. Thereafter, in March 1979, wife filed this action in Colorado seeking recognition and enforcement of the Texas court modification of child support, and reduction of the accrued maintenance to judgment. The trial court adopted and enforced the Texas court order and found that, at least until May 31, 1979, husband owed a continuing obligation to pay maintenance.

### I. Adoption of Texas Order

■ Husband contends that the court erred by adopting the Texas modification order because, under § 14–11–101, C.R.S. 1973 (1979 Cum.Supp.), before a Colorado court may adopt a foreign judgment under this statute, it must be shown that the foreign state has adopted a similar statute. However, in *Minnear v. Minnear*, 131 Colo. 319, 281 P.2d 517 (1955), the Supreme Court held that the substantially similar predecessor statute to § 14–11–101, C.R.S.1973, was a violation of the full faith and credit clause of the U.S. Constitution. Thus, any reliance placed upon § 14–11–101, C.R.S.1973, is unwarranted. The trial court's action must be considered under applicable full faith and credit clause principles.

■ The full faith and credit clause of the U.S. Constitution requires the judgment of a sister state to be given full, not partial, credit in the foreign state. However, if the sister state lacked jurisdiction to render the judgment, the full faith and credit clause will not save it. *People ex rel. Halvey v. Halvey*, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947). Thus, here, the initial determination is whether the Texas court had jurisdiction to adopt the Colorado divorce decree and then to modify its child support order.

■ Husband, a Colorado resident, was personally served with process in the State of Texas. Under Texas law, personal service within the state is sufficient to establish personal jurisdiction. *See Franklin v. Wolfe*, 483 S.W.2d 17 (Tex.Civ.App.1972); and Vernon's Ann. Rules Civ. Procedure 108. Wife and children had been residents of Texas for more than sixteen months. Thus, the Texas court had personal jurisdiction over the parties.

As to subject matter jurisdiction, under the *Tex. Family Code Ann.* tit. 2, § 11.01 et seq., (Vernon) once a court acquires jurisdiction of a suit "affecting the parent-child relationship" that court retains *exclusive* continuing jurisdiction on all related mat-

ters. *Tex. Family Code Ann.*, tit. 2, § 11.05, 11.07 (Vernon). However, in construing similar language in the predecessor Texas statute, the Texas Supreme Court, in *Hollis v. Hollis*, 508 S.W.2d 179 (Tex.Civ.App. 1974), held that the exclusive continuing jurisdiction concept was applicable only to determine which Texas court had jurisdiction. Thus, Texas courts will not recognize sister state courts as having exclusive jurisdiction, especially when as here, the mother and children have been residents of Texas for more than one year.

■ Moreover, under Texas common law, the courts of Texas will entertain jurisdiction of a suit for increased child support beyond that ordered in a foreign decree when the non-resident father appears and answers the suit brought therefor by the resident mother. The Texas court may modify a sister state's decree to the same extent and on the same grounds as the sister state could. *Hollis v. Hollis, supra.*

■ Here, husband specially appeared to contest jurisdiction of the Texas trial court, answered wife's suit, and sought additional relief from the Texas court. The trial court found that it had jurisdiction over him and the Texas Court of Appeals subsequently affirmed. Thus, under *Hollis, supra*, the Texas court properly entertained jurisdiction of the suit to adopt the Colorado decree and to modify the then existing Texas order "as changing circumstances may require." *See* C.R.S.1963, 46–1–5(4), (in effect when the parties were divorced).

■ Because the Texas court had both personal and subject matter jurisdiction, the full faith and credit clause requires Colorado to enforce the Texas order to the extent that it is final and not modifiable. *See Gruber v. Wallner*, Colo., 598 P.2d 135 (1979); *People ex rel. Halvey v. Halvey, supra.*

■ Under Texas law, child support is modifiable only upon a showing of "materially and substantially changed conditions" since the last judicial proceeding and only

as to subsequent installments. *See Tex. Family Code Ann.* tit. 2, § 14.08 (Vernon). Thus, a Colorado court which has jurisdiction may modify a Texas child support order only upon the same grounds. Here, husband failed to show that "materially and substantially changed conditions" have occurred since the Texas decree, and thus, the full faith and credit clause requires that the trial court recognize and enforce the Texas decree.

## II. Maintenance Order

Husband, an airline pilot, stopped paying alimony when he became a captain of 737 jets, an event not specifically referred to in the agreement. At trial, both parties offered parol evidence tending to show the intent of the parties regarding this circumstance. The court found that husband's obligation to pay alimony is a continuing one, and ordered husband to pay $300 a month. Husband contends that the court erred in admitting parol evidence to modify or add to the provisions of the stipulation concerning maintenance. We disagree.

■ A written instrument cannot be enlarged upon or varied by parol evidence unless its terms are so ambiguous as to render uncertain the intent of the parties. *Alley v. McMath*, 140 Colo. 600, 346 P.2d 304 (1959).

■ The agreement here purports to be the final settlement of all matters arising out of the divorce action. However, the agreement is uncertain in two areas: (1) it specifically provides for the termination of child support, but nowhere mentions termination or continuation of alimony; and (2) it provides for the amount of husband's obligations when he works in one of three specified jobs, but does not mention the payment when husband works in a non-enumerated job, and being a captain on a 737 jet is not one of the specified jobs. Thus, parol evidence was admissible to show the intent of the parties regarding the conditions under which alimony would terminate

and regarding the amount of husband's obligations if he changed jobs to one not enumerated in the agreement. *See Alley v. McMath, supra; Bradley v. Mann*, 34 Colo. App. 135, 525 P.2d 492 (1974).

Husband further argues that under *Lay v. Lay*, 162 Colo. 43, 425 P.2d 704 (1967), maintenance agreements which have been incorporated into a final decree pursuant to C.R.S.1963, 46–1–1, et seq., are non-modifiable in the absence of a showing of fraud. Here, the court did not change any of the terms of the agreement; instead, the court merely construed the agreement pursuant to the intent of parties.

Judgment affirmed.

SMITH and KELLY, JJ., concur.