OPINION OF THE COURT
Edith Miller, J.
The respondent ex-husband has moved to dismiss his former wife’s petition seeking enforcement of a sister State’s judgment of divorce awarding support on the ground that a copy of the judgment was not filed with a County Clerk within this State pursuant to CPLR article 54. Respondent further contends that this court is barred from enforcing the out-of-State order because said order of support was superseded by an order on default, and CPLR 5402 (subd [a]) bars enforcement of default judgments.
Respondent’s counsel’s reliance on CPLR article 54 is clearly in error. Article 54 merely provides, as an option, a streamlined procedure for enforcing a judgment entitled to full faith and credit and nothing more. It does not *406 preclude the alternatives, of enforcement by resort to plenary action nor motion for summary judgment in lieu of complaint (CPLR 3213). As the noted commentator, David Siegel (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5401, p 501), wrote of article 54: “It is not the mission of Article 54 to determine which courts’ judgments are entitled to full faith and credit * * * Article 54 merely offers judgments so entitled the facile registration procedures of Article 54.” That there are other alternatives for enforcement is made clear in CPLR 5406: “The right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint, instead of proceeding under this article, remains unimpaired.” Therefore, every action seeking to enforce a sister State’s judgment need not be confined to the strictures of article 54.
Respondent’s contention that the order of May 15, 1979, entered on default of the respondent, who was petitioner in the New Jersey divorce action, supersedes and thus precludes enforcement of the original divorce decree, modified on February 16, 1978, is without merit. First, the May 15 order makes no reference to its superseding or modifying that of February 16, continuing the same payment amount (though it does find the husband in contempt of other portions of it). Secondly, in Ehrenzweig v Ehrenzweig (61 AD2d 1003), cited in Smith v Smith (NYLJ, March 7, 1980, p 5, col 1) (a case cited by respondent’s counsel), the court held that although a default judgment in a contempt proceeding for arrears, stemming from nonpayment, of a support order of a divorce decree (where both parties appeared), could not be filed under article 54, the divorce itself could. And, as the judgment in the contempt proceeding awarded arrears in support, due under the divorce judgment, the court held the amount thereof could be enforced. Thus, if under the stricter guidelines of article 54, a. contempt judgment on default, does not preclude enforcement of the divorce judgment itself (nor arrears stemming from it), how can the May 15, 1979 order preclude enforcement of the February 16, 1978 order before the court in *407 the instant plenary action? An individual cannot avoid valid alimony payments altogether by simply defaulting in payments and subsequently failing to appear at enforcement proceedings.
Moreover, assuming, arguendo, that a default judgment is the basis of this action, though default judgments are precluded from access to article 54 procedures, no general bar exists to their enforcement through plenary action. “Generally, full faith and credit is accorded sister State judgments where the rendering court had jurisdiction of the parties and of the subject-matter, even if the judgment is obtained by default, provided there is no fraud or collusion” (Overmyer v Eliot Realty, 83 Misc 2d 694, 704; citing Williams v North Carolina, 325 US 226, 317 US 827; Atlas Credit Corp. v Ezrine, 25 NY2d 219, 231; Vander v Casperson, 12 NY2d 56; Parker v Hoefer, 2 NY2d 612; Matter of National Sur. Co. [Laughlin], 283 NY 68; Acuri v Acuri, 265 NY 358; O’Donoghue v Boies, 159 NY 87, 99; 23 NY Jur, Foreign Judgments, §§ 6, 8-10; Restatement 2d, Conflict of Laws, §§ 103-111).
Precedent also exists for enforcement of a sister State’s judgment not entitled to full faith and credit. In Mittenthal v Mittenthal (99 Misc 2d 778), the court granted an ex-wife’s motion converting a New Jersey judgment into a New York judgment. The husband, divorced in New Jersey, was at the time of the action in New York, a New York resident, and it appeared his ex-wife was incapable of securing process which would enable implementation of the New Jersey judgment in New Jersey. The court in granting the wife’s motion held that: “While the Federal mandate prescribes minimum requirements with which the State must comply, there is nothing in the Federal Constitution to prevent a State from enforcing a sister State’s judgment which does not attain the level of mandatory full faith and credit standards.” (Mittenthal v Mittenthal, supra, p 779.)
Since a New York court may entertain an action for enforcement of a sister State’s judgment on default (in other than an article 54 proceeding), a fortiori, it may entertain an action on one where both parties appeared. Therefore, plenary action can proceed under subdivision *408 (c) of section 466 of the Family Court Act. “Subdivision (c) of section 466 of the Family Court Act empowers the Family Court to entertain applications to enforce and modify alimony and support provisions of foreign decrees irrespective of the grounds upon which the decrees were granted.” (Werthemier v Werthemier, 50 AD2d 879, 879-880; emphasis added; citing Matter of Seitz v Drogheo, 21 NY2d 181.) This is not a decision on the merits, as to whether the subject judgment is entitled to enforcement, rather only that this court is empowered to entertain such an action.
Respondent’s motion for dismissal of the petition on reargument is denied.