**In re the MARRIAGE OF Karen Lynn WHITLEY n/k/a Karen Lynn Whitley Watson, Appellant,**

**and**

**George Eric Whitley, Appellee.**

**No. 88CA0221.**

Colorado Court of Appeals,
Div. I.

May 18, 1989.

White & Pickard, Joe Pickard, Denver, for appellant.

Doris Besikof, Denver, for appellee.

Barbara Koehler, Lakewood, Guardian Ad Litem.

HUME, Judge.

The only issue on appeal in this child custody dispute is whether the trial court erred in applying an incorrect statutory standard to the father's motion to modify custody. We find no error and therefore affirm.

Karen Lee Whitley Watson (mother) and George Whitley (father) were divorced in California in 1984. The divorce decree incorporated a settlement agreement which, pursuant to California law, granted the parties joint legal custody of their three children, but provided that the mother

would have "sole physical custody, subject to [father's] rights of reasonable visitation...."

Following the divorce, the mother moved with the children to Colorado, while the father moved to Georgia. In January 1988, upon the father's motion, the trial court entered an order modifying the joint custody decree by transferring physical custody of the children to him. The court found that the modification was in the best interests of the children, based upon the standard set forth in § 14–10–131.5(1), C.R.S. (1987 Repl.Vol. 6B).

The mother does not challenge the sufficiency of the evidence in support of the court's ruling under this section. She contends, however, that the trial court erred in failing to apply the more stringent standard for modification of sole custody set forth in § 14–10–131, C.R.S. (1987 Repl.Vol. 6B). She argues that the award of sole physical custody to her in the California decree was tantamount to an award of sole custody for purposes of modification under the Colorado statutes. We disagree.

Section 14–10–123.5(1), C.R.S. (1987 Repl. Vol. 6B), defines "joint custody" as "an order awarding legal custody ... to both parties, and providing that all major decisions regarding the health, education, and general welfare of the child shall be made jointly." The statute further provides that a joint custody order may designate one party as the child's residential custodian and may allocate unequal periods of physical custody to the joint custodians.

The California statute separately defines the terms "sole physical custody," "joint physical custody," "sole legal custody," and "joint legal custody." *See* Cal.Civ. Code § 4600.5(d) (West Supp.1988). Under that statute, legal custody relates to the parents' right and responsibility to make decisions relating to a child's health, education, and welfare. "Sole legal custody" vests those rights and responsibilities in one parent, while "joint legal custody" vests them in both. The statute further provides that "sole physical custody" means that a child shall live with and under the supervision of one parent subject to the

court's power to order visitation, while "joint physical custody" means that each parent shall have significant periods of physical custody, to be shared to assure a child's frequent and continuing contact with both parents. Under the California statute, the term "joint custody" means joint physical custody *and* joint legal custody.

■ Here, the California decree awarded legal custody to both parties and designated the mother as sole physical custodian of the children subject to specified visitation orders in favor of the father. The practical and legal effects of that decree conformed to the Colorado definition of a joint custody award, rather than an award of sole custody.

■ Moreover, since the California decree was docketed in the Colorado district court pursuant to § 14–11–101, C.R.S. (1987 Repl.Vol. 6B), and since Colorado was then the children's home state under the provisions of § 14–13–104(1)(a), C.R.S. (1987 Repl.Vol. 6B), the court was authorized to modify the decree in the best interests of the children according to the public policy of this state. *See In re Marriage of Glickman v. Mesigh*, 200 Colo. 320, 615 P.2d 23 (1980); *Kudler v. Smith*, 643 P.2d 783 (Colo.App.1981).

Thus, we conclude that the trial court correctly applied the standards prescribed by § 14–10–131.5(1), C.R.S. (1987 Repl.Vol. 6B) under the circumstances of this case.

The order is affirmed.

PIERCE and TURSI, JJ., concur.