## No. 79SA135

**George J. Gruber v. Louise C. Wallner and District Court in and for the County of Adams, State of Colorado; District Court Defendant, Honorable Jean J. Jacobucci, District Court, Adams County, State of Colorado**

(598 P.2d 135)

Decided July 23, 1979.                          Rehearing denied August 20, 1979.

Taussig & Flowers, P.C., W. Harold Flowers, Jr., Robert H. Ten Eyck, Jr., for petitioner.

Paul Q. Beacom, District Attorney, Seventeenth Judicial District, Steven Bernard, Deputy, Marc P. Mishkin, Deputy, for respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

We issued a rule to show cause to review a district court ruling that the violation by one ex-spouse of the visitation provisions of a custody decree could not be raised as a defense in an action against the other ex-

spouse to obtain support under the Uniform Reciprocal Enforcement of Support Act (URESA), sections 14-5-101, *et seq.*, C.R.S. 1973 (1978 Supp.). We determined in *Clearwater County, Minnesota v. Petrash,* announced contemporaneously with this opinion, that such a defense was unavailable in an action under URESA. Accordingly, we now discharge the rule to show cause.

## I.

George J. Gruber, petitioner, and Louise C. Wallner, respondent, were divorced in Minnesota in 1972. Custody of their two children was awarded to respondent, and petitioner was ordered to pay $150.00 per month for the support of the children.

In March, 1974, the Minnesota court having jurisdiction over the parties and their children entered an order prohibiting respondent from removing the children from Duluth, Minnesota. Respondent moved to Alaska with the children, where she and the children still reside. In November, 1974, the Minnesota court found that respondent had removed the children from Duluth in violation of its earlier order. A decree was then issued which relieved petitioner of his obligation under the 1972 custody decree to pay child support, until the children were returned to Duluth.[1] The November, 1974 decree was not appealed.

In March, 1976, the state of Alaska brought a proceeding under URESA, requesting that the Adams County district court initiate a support proceeding against petitioner to secure support for the parties' children. In defense, the petitioner tendered the November, 1974 Minnesota decree relieving him of his support obligations. He contended that by virtue of that decree, the Adams County district court was "without jurisdiction" to order him to pay support in this URESA action. The district court rejected petitioner's defense, and, in July 1976, ordered the petitioner to pay $150.00 per month support.

In October, 1976, petitioner appeared before the district court and obtained a modification of the July, 1976 support order. The amount of petitioner's obligation was reduced to $100.00 per month. Petitioner has not complied with that support order, and was cited for contempt. The contempt proceedings have been stayed pending this proceeding.

## II.

■ Petitioner asserts that, because of the November, 1974 Minnesota decree which relieved him of his obligation to pay child support, the Adams County district court was without jurisdiction to order him to pay support in this URESA proceeding. Petitioner is in error.

---

[1] Thus, unlike the respondent in *Clearwater County, Minnesota v. Petrash, supra,* the petitioner in this case did initiate legal action to enforce compliance with the terms of the custody decree.

First, petitioner does not claim that the Alaska court which initiated this action was without jurisdiction to commence this URESA proceeding, or that it did so in an improper manner.

■ Second, whatever the effect of the November, 1974 Minnesota decree, petitioner is an "obligor" under the terms of URESA, *see* section 14-5-103(7), C.R.S. 1973, upon whom a duty to support his children is "imposable by law." *See,* section 14-5-103(2), C.R.S. 1973. Under the choice of law rule applicable by statute to URESA proceedings, section 14-5-108, C.R.S. 1973, the petitioner's duty of support is that which is imposed by the "state where [petitioner] was present for the period during which support is sought." That state is Colorado. "Absent some compelling reason to the contrary," petitioner's duty to support his children cannot be questioned. *County of Clearwater, Minnesota v. Petrash, supra.*

■ Third, petitioner appeared before the Adams County district court in this action, and he is clearly subject to that court's jurisdiction. Thus, the Adams County district court had jurisdiction to entertain the present URESA action and to enter whatever support orders were proper.

### III.

The second question before us is whether the November, 1974 Minnesota decree relieving petitioner of his obligations to pay child support must be enforced by the Colorado courts as a bar to the enforcement of the support order entered by the Adams County district court.

The Full Faith and Credit Clause of the United States Constitution provides, in part, that:

"Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state."

*See,* United States Constitution, Art. IV. Sec. 1; 28 U.S.C.A. § 1737.

■ In the present case, the Full Faith and Credit Clause requires that the November, 1974 Minnesota decree be enforced by the courts of this state to the extent that it is final and not modifiable. *Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1905). The decree upon which petitioner relies was modifiable under Minnesota law. *See,* Minnesota Statutes Annotated, section 518.18 (1969). Thus, the courts of this state are not required to enforce that decree.

■ However, the fact that we are not bound to enforce the November, 1974 Minnesota decree, *Sistare v. Sistare, supra,* does not mean that we cannot enforce it. *Worthley v. Worthley,* 44 Cal.2d 465, 283 P.2d 19 (1955). We therefore look to Colorado's choice of law rules to determine whether Colorado or Minnesota law governs the issue of whether a spouse's support obligation is suspended or terminated by an ex-spouse's violation of visitation rights.

■ Under Colorado statutory law, as embodied in section 14-5-108, C.R.S. 1973, the law which determines the question before us is the law of the "state where the obligor was present for the period during

which support is sought." As noted above, that state is Colorado. Our choice of law rules therefore direct us to Colorado law. In *County of Clearwater, Minnesota v. Petrash, supra,* we determined that a husband's support obligation is independent of violations of a custody decree by his ex-spouse. Employing the same analysis, we hold that a parent's support obligation is not suspended by violations of visitation provisions contained in a custody decree.

Accordingly, the rule to show cause is discharged.

JUSTICE GROVES and JUSTICE ROVIRA dissent.

JUSTICE CARRIGAN does not participate.