STATE OF MAINE v HORTON

Docket No. 48007. Submitted June 5, 1980, at Grand Rapids.—Decided July 23, 1980.

The State of Maine, Department of Human Services, hereinafter plaintiff, initiated an action in Kalamazoo Circuit Court against Edward M. Horton, hereinafter defendant, for reimbursement pursuant to the Uniform Reciprocal Enforcement of Support Act. Plaintiff submitted an affidavit of Anna Horton, stating that she had received public assistance from plaintiff for the support of her minor child who had been born to her and the defendant. The Kalamazoo Circuit Court, Patrick H. McCauley, J., entered an order directing the defendant to pay child support to plaintiff. Defendant appeals alleging that the judgment of divorce between defendant and Mrs. Horton provided that Mrs. Horton was not to remove the child from the State of Michigan without the approval of the court. Mrs. Horton had taken the child to Maine without court approval and the court had previously terminated the defendant's obligation to support the minor child "until further order of this Court". *Held:*

1. The Uniform Reciprocal Enforcement of Support Act permits a state to be reimbursed by a non-resident parent for support furnished to his minor child by the state if the court determines the parent had a duty of support.

2. "Duty of support" under the act includes any duty which is imposed or imposable by law. The trial court has continuing jurisdiction to modify the support provision of the divorce judgment; therefore the duty of support was "imposable" and the defendant has a "duty of support" under the act.

3. Issues ancillary to a duty of support such as whether Mrs. Horton is in contempt of court should not be considered in determining whether the defendant has a duty of support under URESA.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

[1] 23 Am Jur 2d, Desertion and Nonsupport §§ 126, 131 *et seq.*
Construction and application of state statutes providing for reciprocal enforcement of duty to support dependents. 42 ALR2d 768.

PARENT AND CHILD — SUPPORT — URESA — STATUTES.
  The Uniform Reciprocal Enforcement of Support Act permits a
  foreign state to be reimbursed by a parent for support fur-
  nished to his minor child by the foreign state if the court
  determines the parent had a "duty of support" as defined by
  the act, including any duty of support imposed or imposable by
  law; the fact that the custodial parent may be in contempt of
  court for having removed the child to the foreign state without
  permission of the court does not bar the imposition of a support
  obligation under the act (MCL 780.159 et seq.; MSA 25.225 et
  seq.).

*James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for plaintiff.

*Dennis S. McCune,* for defendant.

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

R. B. BURNS, P.J. This is an appeal by the defendant, Edward M. Horton, from an order of the circuit court directing him to pay child support to plaintiff. We affirm.

The circuit court action was initiated by plaintiff under the Uniform Reciprocal Enforcement of Support Act (URESA), pursuant to MCL 780.159; MSA 25.225(9). By affidavit of Anna Horton, the plaintiff established that Mrs. Horton had received public assistance from plaintiff for the support of her minor child, Susan Darlene Horton, who had been born to her and defendant on December 1, 1963. Plaintiff claims that defendant has a duty to support the minor child and that he must reimburse plaintiff for the support it is providing to the child.

Defendant denies that he has a duty to support his minor child. Defendant claims that the judg-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment of divorce provided that Mrs. Horton was not to remove the child from the State of Michigan without the approval of the court. Mrs. Horton had taken the child to Maine without court approval and on November 4, 1971, the court terminated defendant's obligation to support the minor child "until further order of this Court".

As framed by the trial court the sole issue presented is whether the November 4, 1971, order terminating support precludes the entry of a support order under URESA.

Pursuant to § 14 of URESA, defendant may be ordered to reimburse plaintiff for support furnished to his minor child if the trial court determines that defendant has a "duty of support". MCL 780.164; MSA 25.225(14). "Duty of support" is defined by the act to include:

> "any duty of support imposed or *imposable* by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial (legal) separation, separate maintenance or otherwise". MCL 780.153(6); MSA 25.225(3)(6). (Emphasis added.)

The trial court correctly determined that a "duty of support" was "imposable" upon defendant. Under the language of the order terminating defendant's support duty and pursuant to MCL 552.17; MSA 25.97 the trial court has continuing jurisdiction to modify this provision of its previously issued judgment of divorce. Accordingly, as the trial court had the power to impose a duty of support upon defendant, defendant had a "duty of support" within the meaning of the act.

We further agree with the trial court's decision to exercise its power to impose upon defendant a duty of support (from the date of the entry of the

new order of support) notwithstanding that Mrs. Horton may be in contempt of court. Issues ancillary to a duty of support should not be considered in this URESA action.

Affirmed. No costs, a public question being involved.