In the Matter of the Petition of F.J.H., Petitioner-Appellant,

For the Adoption of D.T.K. and J.A.K., Children

and

D.L.K., Respondent-Appellee.

No. 79CA1013.

Colorado Court of Appeals, Div. III.

March 5, 1981.

Rehearing Denied March 26, 1981.

Certiorari Denied May 18, 1981.

G. William Beardslee, Fort Collins, for petitioner-appellant.

R. B. Fickel, Berthoud, for respondent-appellee.

TURSI, Judge.

Petitioner, F.J.H., appeals from an order of the trial court denying his petition for stepparent adoption under § 19–4–107(1)(e)(II), C.R.S.1973 (1978 Repl. Vol. 8). We affirm.

The marriage of respondent, the natural father of D.T.K. and J.A.K., and the children's mother, was dissolved on December 9, 1977. The mother was awarded custody of the two children, and respondent was ordered to pay $100 a month in child support. The mother has since married petitioner, F.J.H., who now seeks to adopt the two children on the grounds that respondent "has failed without cause to provide reasonable support for such [children] for a period of one year or more."

Under the terms of the decree, respondent's child support obligation began in December, 1977. A stipulation between the parties provided that the mother was to pay $300 to respondent. This payment was never made, so respondent offset the obligation against his first three months of child support. Respondent made additional child support payments in March, April, and July of 1978 and in January, 1979. In mid-1978, a dispute developed between the parties over visitation rights, and respondent refused to pay child support after the mother refused to allow him to see the children. Upon the filing of this petition for adoption, respondent began to make regular child support payments, plus an additional $25 per month toward the arrearage.

The trial court found that there was no showing that respondent had failed to provide reasonable support for a period of one year or more as required by § 19–4–107, C.R.S.1973 (1978 Repl. Vol. 8), and therefore dismissed the petition.

Petitioner contends that the trial court erred in ruling that, as a matter of law, *any* child support payments made during a one year period by a noncustodial parent preclude termination of that parent's parental rights. He further contends that there is insufficient evidence to support the court's finding that respondent had not failed without cause to provide support for one year.

■ Whether a parent has failed to provide "reasonable support" is a question of fact to be determined by the trial court on a case by case basis. *See In re Petition of T.C.H.*, 35 Colo.App. 40, 531 P.2d 404 (1974), *rev'd on other grounds*, 190 Colo. 246, 545 P.2d 1357 (1976). What might be regarded as reasonable under one set of circumstances might not be so regarded under another.

■ Here, the record reveals that respondent felt he was entitled to withhold support payments because his former wife refused to let him visit his children. While a divorced parent's support obligation is not legally suspended by the other parent's violation of visitation provisions in a custody decree, *Gruber v. Wallner*, 198 Colo. 235, 598 P.2d 135 (1979), respondent's mistaken belief to this effect is a factual circumstance which the trial court may consider in ruling on the question of failure to provide reasonable support without cause in a proceeding which involves the termination of a parent-child relationship.

Because of the harshness of permanently terminating parental rights, there must be strict compliance with the requirements of § 19–4–107(1)(e)(II). *In re Petition of T.C.H., supra,* at 190 Colo. p. 248, 545 P.2d at 1359. Section 19–4–107 provides that a child is available for adoption where a "parent has abandoned the child for a period of one year or more or where he has failed without cause to provide reasonable support for such child for a period of one year or more." In effect, petitioner argues that § 19–4–107 permits termination of parental rights whenever a parent fails to provide the amount of support specified under a decree for a period of one year. Were we to adopt petitioner's interpretation of the statute, a parent who had failed to provide the full amount of annual support, but who had not otherwise abandoned his child, would suffer the same penalty as a parent who had completely abandoned his child. We do not believe that the General Assembly intended such a result.

The fact that respondent did make some payments in 1978 and 1979 and has now resumed the payments on a regular basis indicates his willingness to honor his parental obligations. *See People in the Interest of S.S.T.,* 38 Colo.App. 110, 553 P.2d 82 (1976). The evidence amply supports the trial court's findings that respondent had not failed to provide reasonable support without cause.

Order affirmed.

SMITH and KIRSHBAUM, JJ., concur.