SAN JOAQUIN COUNTY, CALIFORNIA v DEWEY

Docket No. 48294. Submitted October 22, 1980, at Detroit.—Decided April 8, 1981.

Sharon Dewey, wife of Duane D. Dewey, left her Michigan residence in June, 1975, with the couple's son and moved to California. Duane Dewey remained in Michigan and, in September, 1976, obtained a default divorce. The order of divorce deferred the questions of child custody, visitation and support until the filing of an appropriate petition by either party. In June, 1978, the County of San Joaquin, California, filed a petition in Manistee Circuit Court pursuant to the Uniform Reciprocal Enforcement of Support Act seeking an order requiring Duane Dewey to provide support for his son. Defendant moved for accelerated judgment, which was granted on July 3, 1978, the court holding that it should not grant support in an action where the questions of custody and visitation could not also be decided. The instant petition was filed in 1979 and was identical in all respects to the 1978 petition. Defendant moved for accelerated judgment on the basis of res judicata. Charles A. Wickens, J., granted defendant's motion for accelerated judgment. Plaintiff appeals. *Held:*

1. The purpose of the Uniform Reciprocal Enforcement of Support Act is to provide a means for enforcement of the duty to support. To that end, the act provides that a sister state or its subdivisions which have assumed part of the support of a child of a Michigan resident may seek in a Michigan court having jurisdiction over one owing a duty to support such child an order for continuing support or for reimbursement for funds expended.

2. Once a court finds a duty to support within the meaning of

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 23 Am Jur 2d, Desertion and Nonsupport §§ 126, 128, 131.
Construction and application of state statute providing for reciprocal enforcement of duty to support dependents. 42 ALR2d 768.

[2-4] 23 Am Jur 2d, Desertion and Nonsupport § 134.

[3, 4] 20 Am Jur 2d, Courts § 69.

[5] 46 Am Jur 2d, Judgments §§ 394, 477, 478, 518.

[6] 46 Am Jur 2d, Judgments §§ 394, 477, 478.

the Uniform Reciprocal Enforcement of Support Act, that Court has the discretionary power pursuant to the act to order continuing support or to order reimbursement for funds already expended in the support of the child.

3. The trial court abused its discretion by refusing to address the question of child support because of the court's inability to also address the questions of child custody and visitation. Such questions are ancillary to the duty to support and should not be considered in an action for support brought under the Uniform Reciprocal Enforcement of Support Act.

4. Since the prior action was terminated by the granting of accelerated judgment, the doctrine of res judicata does not apply, that doctrine being applicable only where the prior action was terminated on the merits.

Reversed and remanded.

1. PARENT AND CHILD — CHILD SUPPORT — UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT — STATUTES.

The purpose of the Uniform Reciprocal Enforcement of Support Act is to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto (MCL 780.151 *et seq.;* MSA 25.225[1] *et seq.).*

2. PARENT AND CHILD — CHILD SUPPORT — UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT — STATUTES.

A sister state or a subdivision of such state which has assumed part of the support of a child may, pursuant to the Uniform Reciprocal Enforcement of Support Act, seek in a Michigan court having jurisdiction over one owing a duty to support such child reimbursement for funds expended and an order of continuing support (MCL 780.159; MSA 25.225[9]).

3. PARENT AND CHILD — CHILD SUPPORT — UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT — COURTS — DISCRETION.

A court, upon finding a duty of support within the meaning of the Uniform Reciprocal Enforcement of Support Act, has the discretionary power in an action seeking reimbursement of payment or an order of continuing support pursuant to that act to order the person owing such duty to support to make such support payments (MCL 780.164; MSA 25.225[14]).

4. PARENT AND CHILD — CHILD SUPPORT — UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT — COURTS — DISCRETION.

It is an abuse of discretion for a circuit court in an action for support brought by a sister state pursuant to the Uniform

Reciprocal Enforcement of Support Act to refuse to address the question of granting reimbursement and continuing child support because of the court's inability to decide the question of the custody of the child in the same action, since those issues are ancillary to the duty to support and should not be considered in an action brought under the enforcement of support act.

5. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata bars the redetermination of an issue where three prerequisites are met: 1) the former action must have been decided on the merits; 2) the same matter raised in the second action must have been decided in the first; and 3) the two actions must be between the same parties or their privies.

6. JUDGMENTS — RES JUDICATA — ACCELERATED JUDGMENT — COURT RULES.

The doctrine of res judicata is not applicable where the former action was terminated by the granting of a motion for accelerated judgment, since such motion is not addressed to the merits of the underlying claim such as will preclude litigation of the merits in a subsequent action (GCR 1963, 116).

*Dennis L. Kelcher,* Prosecuting Attorney, and *Thomas N. Brunner,* Assistant Prosecuting Attorney, for petitioner.

*Donald G. Jennings,* for respondent.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

M. J. KELLY, J. Plaintiff, County of San Joaquin, California, appeals of right a decision of the lower court granting defendant's motion for accelerated judgment pursuant to GCR 1963, 116.1 and dismissing plaintiff's petition for reimbursement of support funds previously provided under the ADC program to defendant's former wife. Plaintiff raises two issues.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant and Sharon Dewey were married in 1974 in the State of California. The two then returned to Michigan where, on September 2, 1974, their son David was born. In June of 1975, Sharon Dewey returned to California, taking the child with her. Defendant remained in Michigan and, on September 27, 1976, obtained a default judgment of divorce, the pertinent sections of which deferred the questions of child custody, visitation and support until the filing of "an appropriate petition by either party".[1]

On June 6, 1978, the named plaintiff filed in the circuit court for Manistee County, Michigan, a Uniform Reciprocal Enforcement of Support Act (URESA) action, petitioning the court for an order directing defendant to provide child support for his son. In response to this petition, defendant filed a motion for accelerated judgment, which was granted on July 3, 1978. The lower court explained its rationale for the order as follows:

"The parties to this case, the Deweys, had a divorce

---

[1] The judgment of divorce provided:

*"CUSTODY*

"IT IS FURTHER ORDERED AND ADJUDGED that in view of the fact that the Defendant has removed herself and the child of this marriage, David J. Dewey, from the jurisdiction of this Court, that this Court shall make no order regarding child custody at this time; the Court reserves its right to enter an order of child custody upon an appropriate petition by either party.

*"VISITATION*

"IT IS FURTHER ORDERED AND ADJUDGED that in view of the fact that the Defendant has removed herself and the child of this marriage, David J. Dewey, from the jurisdiction of this Court, that this Court shall make no order regarding child visitation at this time; the Court reserves its right to enter an order of visitation upon an appropriate petition by either party.

*"CHILD SUPPORT*

"IT IS FURTHER ORDERED AND ADJUDGED that in view of the fact that the Defendant has removed herself and the child of this marriage David J. Dewey, from the jurisdiction of this Court, that this Court shall make no order regarding child support at this time; the Court reserves its right to enter an order of support upon an appropriate petition by either party."

action in this Court, and Mrs. Dewey, without getting a determination as to her fitness for child custody, rights [of] visitation or the question of support, left the jurisdiction and was validly served, and the Court presumes there is no doubt about that, and, in turn, did not appear for the divorce. So, the Court, and I think wisely, said that the question of support, custody and visitation shall be reserved and the Court shall make decisions on those items upon proper petition and rehearing. The County of San Joaquin now, assuming Mrs. Dewey's rights, comes back and asks to litigate only the question of support. And, if I allow support in this case, I am going to frustrate Mr. Dewey's right to visitation and to the possibility of custody of the child. And, I don't think that a Court in Equity should do that. So, Mr. Jennings, [defense counsel] I think that the wife in this case, and the County of San Joaquin, if they want support in this case, must come back and file a petition in the original divorce action in this case, and not only litigate the question of support, but also the question of the rights, abilities and right to have custody and visitation, and the relief of the County of San Joaquin will have to be maintained in an action brought in the divorce action, not in the URESA action, and I agree with you and an order may be so prepared."

The instant petition was filed in 1979 and was identical in all pertinent respects to the 1978 action. In response to an order to show cause why a support order should not enter, defendant again filed a motion for accelerated judgment pursuant to GCR 1963, 116.1(4) and (5), claiming that the issue had been resolved in the prior proceeding. Finding that plaintiff's 1979 petition was a collateral attack on a previously decided issue, the lower court granted defendant's motion.

Plaintiff first alleges error in the trial court's 1978 decision, which effectively limited its right to an order of child support by requiring the support issue to be determined in conjunction with custody and visitation. We agree.

In general, URESA provides a means by which out-of-state dependants or their surrogates may seek to obtain and/or enforce court ordered child support. See *Brown v Turnbloom,* 89 Mich App 162, 166-167; 280 NW2d 473 (1979). The possible extent of such duties is defined in MCL 780.158; MSA 25.225(8):

"Duties of support enforceable under this law are those imposed or imposable under the laws of any state where the alleged obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown."

Additionally, a sister state which has assumed part of the respondent's child support obligation may seek reimbursement of funds so provided:

"Whenever the state or a political subdivision thereof has furnished or is furnishing support to an obligee, it shall have the same right to invoke the provisions hereof as the obligee to whom the support was furnished for the purpose of securing reimbursement of expenditures so made and of obtaining continuing support." MCL 780.159; MSA 25.225(9).

Once a court in a responding state finds a "duty of support", it has discretion to order the respondent to make such payments. MCL 780.164; MSA 25.225(14). This necessary duty has been statutorily defined in MCL 780.153(6); MSA 25.225(3)(6), which provides:

" 'Duty of support' includes any duty of support imposed or imposable by law, or by any court order,

decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial (legal) separation, separate maintenance or otherwise."

By statute, a trial court, having obtained jurisdiction over both parties to a divorce, may direct an order of custody and support governing children of the marriage. MCL 552.17a; MSA 25.97(1). Under MCL 552.17; MSA 25.97, the court also retains continuing authority to modify provisions of a previously issued judgment of divorce.[2] The statute provides:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

Our review of the record discloses that the trial court acquired personal jurisdiction over defendant and his former wife at the time of the 1976 divorce proceeding. Thus, under the statutory authority noted, the court below had authority at all times to modify support, custody and visitation, pursuant to its 1976 judgment of divorce. Having acquired jurisdiction, a duty of support was at all relevant times "imposable" on the defendant, despite the language of the judgment requiring a petition by

[2] We also note the possible use of provisions in The Family Support Act, MCL 552.451 *et seq.;* MSA 25.222(1) *et seq.,* in future cases, to establish a duty of support enforceable under the URESA. This act confers subject matter jurisdiction upon circuit courts to order and enforce the payment of money by fathers for the support of minor children living separately with their mothers. However, since a duty of support arising under The Family Support Act was not asserted below, we will not consider the question on appeal.

either party to the divorce. As noted in *State of Maine v Horton,* 99 Mich App 90; 297 NW2d 622 (1980), "as the trial court had the power to impose a duty of support upon defendant, defendant had a 'duty to support' within the meaning of the act".

This existence of duty does not, however, require the responding state court to establish an amount and mandate a defendant to make payments to satisfy the duty of support so found. MCL 780.164; MSA 25.225(14) entrusts this decision to the trial court's discretion. In the present case, the lower court refused to address the support question and concluded that plaintiff's petition for remedy should be sought in conjunction with the issues left open by the divorce judgment. The County of San Joaquin was treated like a derelict spouse.

In *Brown v Turnbloom, supra,* 168, the Court interpreted URESA as having a unilateral purpose:

"URESA makes no mention of visitation matters. *Its scope is expressly limited to support. The act contemplates* ex parte *proceedings where only duties of support are adjudicated.* It does not provide for adversary proceedings where other matters are to be decided. There is no mechanism for requiring the custodial parent to appear to answer allegations of the noncustodial parent as to the denial of visitation privileges. Adjudication of visitation matters is, therefore, best left to the state of divorce." (Emphasis added.)

See also *Robinson v Harris,* 87 Mich App 69; 273 NW2d 108 (1978), and *State of Main v Horton, supra,* 93. ("Issues ancillary to a duty of support should not be considered in this URESA action.") We thus find error in the lower court's issuance of an accelerated judgment barring plaintiff's claim

for reimbursement.[3] It abdicated its duty to exercise its discretion. The dissenting judge in *Brown v Turnbloom, supra,* eloquently expressed the defendant's view, but we believe the weight of authority favors the majority view.

Plaintiff secondly claims error in the trial court's decision finding that the 1978 accelerated judgment acted as res judicata, thus barring plaintiff's 1979 petition. In *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980), the Supreme Court summarized the conflict in its prior opinions regarding a narrow or broad application of the doctrine:

"Our opinions have endorsed both a narrow and a broad application of the rule. Narrow application bars a second action only if the same question was actually litigated in the first proceeding. Broad application bars as well those claims arising out of the same transaction which plaintiff could have brought, but did not. In recent opinions, we have acknowledged the conflicting language and opted for the broad rule. *Gursten v Kenney,* 375 Mich 330, 334-335; 134 NW2d 764 (1965) (order of dismissal); *Curry v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975) (order of summary dismissal)." (Footnotes omitted.)

Whether a broad or narrow interpretation of the rule is followed, three prerequisites to its application must be found: (1) the prior action must have been decided on its merits, (2) the issues raised in the second case must have been resolved in the first, and (3) both actions must have involved the

---

[3] We note but express no opinion on the recent opinion in *Watkins v Springsteen,* 102 Mich App 451; 301 NW2d 892 (1980), a decision in which the former spouse who violated the terms of the divorce judgment personally sought enforcement of child support under URESA. The instant case and that of *State of Maine v Horton, supra,* involve petitioning state agencies against which visitation is not enforceable.

same parties or their privies. *Bousson v Mitchell,* 84 Mich App 98; 269 NW2d 317 (1978), citing *Curry v Detroit, supra.*

We need only address the first of these prerequisites to conclude that the lower court's 1978 decision was not res judicata. A motion for accelerated judgment, unlike the motion for summary judgment under GCR 1963, 117, does not test the merits of a given claim. Rather, the motion for accelerated judgment seeks to avoid the merits of a claim by interposing a defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established a prima facie case. See generally the comments regarding the scope of GCR 1963, 116 and 117 and 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1980 Supp, p 134. Absent a decision on the merits of plaintiff's 1978 claim, the later petition was not barred under principles of res judicata.

Accordingly, we reverse the order of the lower court granting defendant's motion for accelerated judgment and remand the case for proceedings consistent with the applicable provisions of the URESA. We do not retain jurisdiction.