The PEOPLE of the State of Colorado ex rel. Stuart A. Van MEVEREN, District Attorney, Eighth Judicial District, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF LARIMER, State of Colorado, and the Honorable Conrad L. Ball, one of the Judges Thereof, Respondents.

No. 81SA521.

Supreme Court of Colorado, En Banc.

Jan. 18, 1982.

Stuart A. Van Meveren, Dist. Atty., Eighth Judicial Dist., Mark D. Hanson, Deputy Dist. Atty., Fort Collins, for petitioner.

No appearance for respondents.

PER CURIAM.

We issued a rule to show cause to review a district court ruling that funds paid by the obligor under The Uniform Reciprocal Enforcement of Support Act (URESA), sections 14-5-101, et seq., C.R.S.1973 (1980 Supp.), must be paid into the registry of the court and held there until the parent with custody of the children complies with the visitation provisions of the custody decree. We now make the rule absolute.

On October 27, 1981, the Larimer County District Court heard two matters brought under URESA by the district attorney.[1] One of the matters involved the claim of Kay Jarvis, a resident of Arizona and an obligee as defined in section 14-5-103(6), C.R.S.1973, for child support payments from George Holder, a resident of Loveland and an obligor as defined in section 14-5-103(7), C.R.S.1973. The other matter involved the claim of Cathy Davis Schwanbeck, a resident of Michigan and the obligee, for child support payments from Carl E. Schwanbeck, Jr., the obligor and a resident of Loveland. After hearing testimony, the court asked each obligor about visitation with his children. Holder responded that he had not seen his children for two-and-a-half years although he wished to see them, and Schwanbeck responded that he had not been able to obtain enforcement of his visitation rights through the court in Michigan. The court then ordered Holder to pay $100 a month into the registry of the court and the clerk of the district court to hold all monies paid until Holder's visitation rights with his children were assured. The court ordered Schwanbeck to pay $57 a week into the registry of the court, the money to be held until he established visitation with his children.[2]

The district attorney called the attention of the court to section 14-5-124, C.R.S.1973

1. Under sections 14-5-103(8) and 14-5-119, C.R.S.1973, the district attorney prosecutes cases seeking enforcement of child support orders from another, initiating court.

2. Section 14-5-125, C.R.S.1973 requires that URESA support orders direct that payments be made to the clerk of the court of the responding state. Section 14-5-129, C.R.S.1973 requires the clerk of the responding court to transmit to

(1980 Supp.)[3] and our opinions in *County of Clearwater, Minn. v. Petrash,* 198 Colo. 231, 598 P.2d 138 (1979) and *Gruber v. Wallner,* 198 Colo. 235, 598 P.2d 135 (1979). The court noted the provision of URESA and our opinions in *County of Clearwater* and *Gruber,* but refused to follow them. The People then filed this original proceeding.[4]

In *County of Clearwater,* we relied on the language of URESA in determining that when a child is in need of support, questions relating to custody are immaterial, 598 P.2d at 140, and we reiterated that determination in *Gruber*: "a parent's support obligation is not suspended by violations of visitation provisions contained in the custody decree." 598 P.2d at 138. Here, the court enforced the non-custodial parents' support obligation, but did not allow the funds to be transmitted to the custodial parents for the support of the children. The court's order ignores the basic premise of our earlier rulings, which was that "a child's right to support is unaffected by the misconduct of his parents." *County of Clearwater, Minn. v. Petrash, supra,* 598 P.2d at 139. By eliciting irrelevant information on visitation and conditioning the disbursement of child support payments upon the custodial parents' complying with visitation orders, the court erred as a matter of law.

We remand the cases to the district court with directions to enter orders under sections 14–5–125 and –129, C.R.S.1973 disbursing the obligor's child support payments held in the registry of the court to the court clerks of the respective initiating states.

Rule made absolute.

---

the initiating court any payment made by the obligor.

**3.** Section 14 5 124 provides: "... The determination or enforcement of a duty of support owed to one obligee shall be unaffected by any interference by another obligee with rights of custody or visitation granted by a court."

4. Section 14-5- 135, C.R.S.1973, provides: "(1) If the prosecuting attorney ... is of the opinion that a support order is erroneous and presents a question of law warranting an appeal in the public interest, he may: (a) perfect an appeal to the proper appellate court...."