No. 83-314

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA, ex rel.,
MARCIA LYNN DEWYEA,

Petitioner and Appellant,

-vs-

LARRY RAY KNAPP,

Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Lake,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John M. McRae, Special Asst. Atty. General for
Dept. of Revenue, Missoula, Montana
John R. Fredrick, County Attorney, Polson, Montana

For Respondent:

Larry Ray Knapp, pro se, St. Ignatius, Montana

Submitted on Briefs: October 13, 1983

Decided: January 23, 1984

Filed: JAN 23 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant appeals from an order by the District Court, Fourth Judicial District, Lake County, denying enforcement of child support payments and staying execution until the parties settle a visitation dispute. The action arose under the Uniform Reciprocal Enforcement of Support Act, (URESA). The appellant, a Washington state resident, sought enforcement of child support payments from respondent. We modify the District Court's ruling.

Marica Dewyea and Larry Knapp dissolved their marriage in the state of Washington in 1972. A dissolution decree ordered Knapp to pay child support for the two children born as a result of their marriage. In 1977, the Washington court modified the child support to $130 per child. In 1980, Knapp retired after twenty-one years in the Navy and came to Montana. Knapp ceased making child support payments in 1980. Dewyea, living in Washington, contacted officials and filed this URESA action.

Knapp at a show cause hearing, representing himself, asserted Dewyea refused to permit him to visit his children and contended he would resume making payments only if she permitted him to visit their children. Affidavits from the children and Dewyea indicated no desire by the children to visit their father. The District Court, following the hearings, decided to defer any enforcement of child support payments until the parties resolved their differences regarding visitation.

Appellant raises only one issue for appeal. Did the District Court err in making the enforcement of the child

-2-

support payments, under a URESA action, contingent upon visitation compliance by the custodial parent?

Appellant contends URESA precludes the court from considering matters other than determination and enforcement of child support obligations. The court can not examine other issues regarding the child relationships. We agree.

Section 40-5-133, MCA provides, "[p]articipation in any proceeding under this part does not confer jurisdiction upon any court over any of the parties thereto in any proceeding." Section 40-5-124, MCA states in part:

> "[I]f the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity (40-5-128) or to a defendant in an action or a proceeding to enforce a foreign money judgment. The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court."

The Colorado Supreme Court addressed this issue in People of the State of Colorado Ex Rel., Meveren v. District Court (Colo. 1982), 638 P.2d 1371. In that case, the district court judge ordered the respondent to pay child support to the clerk of the court, but the clerk was to hold the money until visitation rights were settled. The Colorado Supreme Court held that a child's right to support and the parents' support obligation are not affected by misconduct of the parent or violations of visitation provisions of a custody decree. It further stated that to illicit irrelevant information regarding visitation matters, constitutes error as a matter of law.

Im Moffat v. Moffat (1980), 165 Cal.Rptr. 877, 612

P.2d 967, the California Supreme Court found that improper actions taken by the custodial spouse to thwart the support paying spouse's opportunity for visitation, played no part in the determination of the support obligation under URESA. Without a showing by the obligating spouse that violation of visitation rights directly affect the support order, and said violations are provided in that support order, then the court cannot consider such evidence.

These cases illustrate this rule of URESA proceedings: The court cannot consider anything other than evidence in determining the respondent's obligation and ability to provide support. Violation of visitation rights of the noncustodial party play no part in a URESA action because Section 40-5-128, MCA, specifically precludes the use of such defenses.

Respondent asks this Court to uphold the District Court order staying the enforcement of support payments until he settles the matter of visitation of his children. The District Court clearly lacks the authority under URESA proceeding to make such an order. Under URESA, the court decides if a support obligation exists. If such obligation is found, then the court enforces support, if it is possible.

If respondent desires to enforce his visitation rights, modify the support obligations or obtain custody of his children, then he must seek a forum that holds the proper jurisdiction to take evidence and rule on these matters. But without a showing that the trial court holds jurisdiction to modify support obligations and visitation enforcement, then that court lacks the authority to review

-4-

such evidence.

Respondent asks this Court to consider the welfare of his children. He contends he should be able to monitor the use of the support moneys to insure the childrens' proper care. He also questions the format of the URESA system.

While we do not disagree that the welfare of the children should be the primary concern of the court, we feel and URESA provides, that these actions are not the proper place for these considerations. While visitation rights are important, they provide no excuse for not making payments for the support of the children. Respondent should settle the question of visitation or any other matters that pertain to the custody or welfare of his children, in a court that has the proper jurisdiction that holds a position to resolve these matters. Respondent's other objections to URESA we find without merit and need not discuss.

We remand this case to the District Court to enter a judgment consistent with this opinion.

Justice

We concur:

Justices

-5-

Mr. Justice Daniel J. Shea specially concurring,

I join in the majority opinion but add that I do not understand how or why the trial court managed to ignore the statute that is so clear on the issue before us. Section 40-5-124, MCA, quoted in full in the main opinion, declares:

> ". . . The determination or enforcement of a duty of support owed to one obligee is unaffected by any interferrence by another obligee with rights of custody or visitation granted by a court."

This statute is crystal clear, and yet the trial court ignored it.

The court may have had some reason for choosing to ignore this statute, but if that is so, that reason is not set forth in the record. Where the action of a trial judge is so manifestly in violation of a statute, I believe the trial court at least should have set forth an explanation in the record why the choice was made to ignore the statute.

Justice