The STATE of Oklahoma ex rel. DEPART-
MENT OF HUMAN SERVICES, and
M.F.G. and J.P.G., minor children, Ap-
pellees,

and

Marian B. Glatzer, Appellee/Counter–
Appellant,

v.

Bernard H. GLATZER,
Appellant/Counter–
Appellee.

No. 81922.

Court of Appeals of Oklahoma,
Division No. 2.

Dec. 27, 1994.

Rehearing Denied April 10, 1995.
Certiorari Denied July 13, 1995.

Patrick H. Roark, Kane, Kane, Kane and
Roark, Bartlesville, appellee Minor Children.

Marian B. Glatzer, Brea, CA, pro se.

Bernard H. Glatzer, Bronx, NY, pro se.

REIF, Chief Judge.

The appeal by obligor father, Bernard H.
Glatzer, and counter-appeal by obligee moth-
er, Marian B. Glatzer, arise from an action
brought pursuant to the Uniform Reciprocal
Enforcement of Support Act (URESA). 43
O.S.1991 §§ 301 through 344. The Okla-
homa Department of Human Services "regis-
tered" the parties' Florida divorce decree
and sought to collect the child support
awarded in the decree on behalf of Mother.
The trial court found Father in contempt for
failing to pay past support, granted Mother a

judgment for the arrearage, and ordered a payment schedule for the arrearage and current support as part of a "deferred" sentence for Father's contempt. The trial court also purported to modify the visitation provision in the decree, and it is the visitation modification that forms the basis for the appeal and counter-appeal. Father appeals the dismissal[1] of this proceeding while contempt proceedings were pending against Mother to enforce the visitation modification and Mother counter-appeals the trial court's finding that she was in contempt of the visitation modification by simply moving to California.

■ The district court properly dismissed this uniform reciprocal support proceeding, because Oklahoma had no duty to enforce the support obligations in question following Mother's move to California and had no jurisdiction to modify or enforce the parties' visitation rights in this URESA proceeding. The case of *Waldmann v. Waldmann*, 567 P.2d 532, 534–35 (Okla.Ct.App.1977), cites approvingly, *State ex rel. Arvayo v. Guerrero*, 21 Ariz.App. 173, 517 P.2d 526, 528–29 (1973), holding that the intent of the uniform reciprocal support statutes is to " *'require that disputes over interference with visitation or custody rights be litigated* in the divorce action and *not in the reciprocal action.' "* *Waldmann* held that the district court in that case "did not have jurisdiction to change the custody of the child ... because it arose out of an action instituted under the Uniform Reciprocal Enforcement of Support Act." *Id.* at 535. Similarly, the Supreme Court of Montana has held that a trial court "clearly lacks the authority under URESA proceeding" to decide questions concerning visitation and a party "should settle the question of visitation or any other matters that pertain to the custody or welfare of [the] children, in a court that has the proper jurisdiction." *State ex rel. Dewyea v. Knapp*, 208 Mont. 19, 674 P.2d 1104, 1106 (1984).

The Indiana Court of Appeals has held that "the general class of cases which a URESA court has the power to decide is limited by the Act itself." *In re Marriage of Truax*, 522 N.E.2d 402, 405 (Ind.Ct.App. 1982). The court further stated that "a court acting pursuant to a URESA petition does not, by virtue of this statute, have power to hear a general class of family law cases which merely includes support disputes." *Id.* The court "construed the Act as limiting a URESA court's jurisdiction to the single issue of enforcement of support." *Id.* The Court of Appeals of Michigan has also held that "[i]ssues ancillary to a duty of support" should *not* be considered in a URESA action. *State of Maine, Dept. of Human Services v. Horton*, 99 Mich.App. 90, 297 N.W.2d 622, 623 (1980).

■ It is abundantly clear that the court below had no jurisdiction to modify the visitation rights of the parties in this URESA proceeding notwithstanding the fact it appears to be an agreed modification. It is well settled that the parties may not confer jurisdiction by agreement. *Grimshaw v. Grimshaw*, 581 P.2d 1329, 1332 (Okla.Ct.App. 1978). It is equally well settled that an appellate court has a duty to inquire into jurisdiction on its own initiative. *Wilson v. Harlow*, 860 P.2d 793, 797 (Okla.1993). Lacking jurisdiction to modify the visitation rights, the trial court also lacked jurisdiction to enforce the modification by contempt or otherwise. Accordingly, the trial court erred in finding Mother in contempt for violating the visitation modification and, therefore, that judgment is vacated on Mother's counter-appeal. Insofar as Father's appeal is concerned, the order of dismissal is affirmed.

DISMISSAL AFFIRMED. JUDGMENT OF CONTEMPT VACATED.

BOUDREAU, P.J., and RAPP, J., concur.

---

1. The Department of Human Services moved for dismissal on grounds that Mother's move to California obviated further collection by the State of Oklahoma. The trial court agreed with the Department's contention, granted its motion to dismiss, and thereafter dismissed the visitation dispute on grounds of forum non conveniens.