Patricia P. McDONALD,
Petitioner-Appellant,

v.

Bobby E. McDONALD,
Respondent-Appellee.

No. 80CA1158.

Colorado Court of Appeals,
Div. II.

Sept. 10, 1981.

**1032**

Robert R. Gallagher, Jr., Dist. Atty. for Arapahoe County, Patrick J. Delaney, Deputy Dist. Atty., Littleton, for petitioner-appellant.

No appearance for respondent-appellee.

PIERCE, Judge.

The petitioner-mother appeals a judgment entered pursuant to the Revised Uniform Reciprocal Enforcement of Support Act, § 14–5–101, et seq., C.R.S.1973 (1980 Cum.Supp.). We reverse in part and affirm in part.

In 1964 the parties were divorced in Oklahoma and the father was ordered to pay child support in the amount of $50 per month to the mother for their child, Gary, born May 15, 1962. From June 19, 1964, until March of 1977, the father has resided in Oklahoma, and, since March 1977, has resided in Colorado. The mother has resided in Texas with Gary since 1964.

The mother instituted this action by filing a petition for support in 1979 in Texas. Service was obtained on the father in Colorado. Following a hearing in Colorado, he was ordered to pay $9,350, the amount of support arrearage accrued from June 19, 1964, to May 15, 1980, when the child became eighteen.

The mother contends that the district court erred in applying Oklahoma law to determine that the age of emancipation was 18 in this case, and that, therefore, the father's duty to support his son ceased to exist on May 15, 1980. We agree.

■ Section 14–5–108, C.R.S.1973, provides that the duty of support under the Revised Uniform Act shall be that duty imposed under the laws of any state where the obligor was present for the period during which support is sought. Having resided in Colorado since 1977, the father is bound by Colorado law to provide support for his son until such time as the child becomes emancipated or attains 21 years of age. *Van Orman v. Van Orman*, 30 Colo. App. 177, 492 P.2d 81 (1971). The district court should have applied Colorado law to determine the father's liability for child support after May 15, 1980.

The judgment is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG and TURSI, JJ., concur.