**Ruth ROSS, Petitioner–Appellee,**

v.

**Vernon THOMAS, Respondent–Appellant.**

No. 85CA0666.

Colorado Court of Appeals, Div. III.

Dec. 3, 1987.

Rehearing Denied March 10, 1988.

Stephen H. Kaplan, City Atty., Frank A. Elzi, Asst. City Atty., Denver, for petitioner-appellee.

Van Horne, Vogt, Noall & Hodges, P.C., L. Scott Noall, Denver, for respondent-appellant.

METZGER, Judge.

Vernon Thomas (husband) appeals the order entered in a Revised Uniform Reciprocal Enforcement of Support Act (RURESA) action which ordered him to pay child support to Ruth Ross (wife) until each of the children of their marriage reaches age 21. He argues that the trial court's order violates the provisions of RURESA and contravenes *U.S. Const.* art. IV, § 1, the full faith and credit clause. We affirm.

The parties' marriage was dissolved in Kansas in 1976. The permanent orders required the husband to pay $150 per month to the wife as child support for the parties' three minor children. Thereafter,

the husband moved to Colorado and has resided here continuously; the wife and their children remained in Kansas.

In 1979, a RURESA action was instituted in Kansas, seeking both child support arrearages and current child support, and the Kansas court referred that action to Colorado pursuant to the Kansas RURESA statute. The terms of a stipulation reached between the husband and the district attorney was incorporated into an order of the Colorado court, which provided in pertinent part that the husband was in arrears in child support payments and which ordered him to pay monthly child support beginning the last day of July 1979, and continuing every month thereafter "until further order of court." These payments, as received, were to be transmitted to the clerk of the court in Kansas for distribution to the wife. Soon after the entry of that order, the oldest child reached the age of 18.

In 1981, the Denver city attorney, on behalf of the wife, initiated a contempt proceeding pursuant to RURESA seeking $1,950 in past child support payments. The parties reached a stipulation in that proceeding, which the court entered as an order, requiring the husband to pay $100 per month current support plus $50 towards arrearages of $1,950. This order was to be in effect "until further order of court." In March 1982, the parties' second child reached the age of 18 and in August 1983, the last child reached that age.

In October 1984, the city attorney, on behalf of the wife, commenced a contempt proceeding pursuant to RURESA, alleging that the husband was in arrears for child support payments in the amount of $3,150. The husband responded that he was not obligated for any child support payments for a child over 18 years of age, which had accrued after that child's 18th birthday, because, pursuant to Kan.Stat.Ann. § 60–1610(a)(1) (1981), the age of emancipation for child support purposes in Kansas is 18. In support of this assertion, he produced an *ex parte* order he had obtained on February 19, 1985, from the Kansas court that had issued the decree of dissolution. This order was entitled a "Declaration of Emancipation" and "ordered" that no further child support payments were due after each child's 18th birthday, *i.e.*, December 13, 1980, March 4, 1982, and August 8, 1983.

Relying on *McDonald v. McDonald*, 634 P.2d 1031 (Colo.App.1981), and § 14–5–108, C.R.S., the wife argued that Colorado law, rather than Kansas law, should control and that the husband should be held in contempt for failure to pay the total accrued child support arrearages.

The trial court ruled that Colorado law controls. It found that, although the husband's failure to pay child support was not willful, he did owe arrearages of $3,750. Accordingly, the trial court ordered the contempt citation discharged and the husband to pay $100 per month current support for the one child who remained under 21 on the date of its order, plus $50 per month on the arrearages.

The sole issue raised both at trial and on appeal is whether the initiating or responding state's law on emancipation governs in a RURESA action. Husband argues that, under RURESA, Kansas law on age of emancipation governs and, therefore, the Colorado order contravenes art. IV, § 1, the full faith and credit clause of the United States Constitution. We disagree.

RURESA was conceived as a national instrument to enforce duties of support. The duty of support under RURESA is that duty imposed under the laws of the state where the obligor parent is or was present for the period during which support is sought. Section 14–5–108, C.R.S. (1987 Repl.Vol. 6B); *see also McDonald v. McDonald, supra*. Kansas has a similar statutory provision, which recognizes that the laws of the responding state control on issues of support. Kan.Stat.Ann. § 23–457 (1981).

Except in special circumstances not present here, the age of emancipation for child support purposes in Colorado is 21. *Van Orman v. Van Orman*, 30 Colo.App. 177, 492 P.2d 81 (1971). Therefore, since the husband has resided in Colorado since 1977, he is bound by Colorado law to provide support for each child until that child actually becomes emancipated or attains

the age of 21. *McDonald v. McDonald, supra.* Hence, the Colorado order is consistent with the provisions of RURESA.

■ Alternatively, the husband asserts that the Kansas court's "Declaration of Emancipation" must be accorded full faith and credit in Colorado. Again, we disagree.

Section 14–5–132, C.R.S. (1987 Repl.Vol. 6B), provides in pertinent part:

"A support order made by a court of this state pursuant to this article ... is not nullified ... by a support order made by a court of any other state ... regardless of priority of issuance, unless otherwise specifically provided by the court."

Consequently, an order from the Colorado court has full force and effect even though an order purporting to modify retroactively the prior order has been entered by the sending state. *See Kansas State Department of Social & Rehabilitation Services v. Henderson,* 620 P.2d 60 (Colo.App.1980); *see also Henry v. Knight,* 746 P.2d 1375 (Colo.App.1987); and *Elkind v. Byck,* 68 Cal.2d 453, 67 Cal.Rptr. 404, 439 P.2d 316 (1968) (Georgia decree terminating father's duty of support did not control California court's determination of duty of support).

The Kansas decree originally imposing the support obligation was entered in 1976. The Colorado support orders were entered under RURESA in 1979 and 1981. These orders determined the amount of arrearages and set out payment schedules, to which the husband stipulated. The Kansas court's "Declaration of Emancipation" was entered in 1985, and did not include any specific provision relating to the Colorado orders as mandated by § 14–5–132, C.R.S. (1987 Repl.Vol. 6B). Thus, the Kansas order was not entitled to full faith and credit under *U.S.Const.* art. IV, § 1. *See also* § 14–5–110(2), C.R.S. (1987 Repl.Vol. 6B).

The judgment is affirmed.

VAN CISE and BABCOCK, JJ., concur.