The parties were divorced in 1978 in Utah. The wife was awarded custody of the two minor children, and the husband was ordered to pay child support. After the divorce, the husband moved to Montana, and the wife and children moved to Alabama. In 1988, the husband filed an action in Alabama for joint custody of and/or specific visitation with the children. The wife then filed a petition requesting that the husband be held in contempt for failure to pay child support. Also, she requested an increase in child support.
During the proceedings, the issue of the paternity of the older child arose. The parties agreed to submit to blood tests, which were thereafter performed. After the ore tenus proceedings, the trial court, in pertinent part, found that the husband was indeed the father of the older child. The trial court modified the child support award so that the husband is now to pay the wife $606.09 per month for the support of the two minor children. However, the trial court found that the husband was only obligated to support the children until they reach 18 years of age, which was the age of majority in Utah at the time of the original divorce. Both the wife and the husband have appealed.
The husband first contends that the trial court erred in the amount of child support awarded.
This case was filed prior to October 9, 1989. Therefore, Rule 32, Alabama Rules of Judicial Administration, was not mandatory, but its purpose was to establish guidelines only.See Brandt v. Riordan, 547 So.2d 569 (Ala.Civ.App. 1989). Furthermore, we have consistently held that such modifications are within the trial court's discretion and this court will not reverse absent a clear abuse of that discretion. Brandt, supra.
This is especially true where the evidence was presented ore tenus. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App. 1986). In view of the numerous decisions of this court on the issue of abuse of discretion of the trial court in child support modification cases, we perceive no precedential value in relating all of the facts of the instant appeal. Suffice it to say that we have reviewed the record and find no abuse of discretion. *Page 818 
Next, the husband contends that the trial court should have ordered additional blood tests to determine the paternity of the child in question.
The original Utah divorce decree specifically awarded custody of the parties' two children to the wife. It would appear implicit in such order that the appellant here was the father since that decree did not speak to paternity. Nevertheless, both parties agreed to have a blood test performed in the Alabama court and stipulated in open court that they would abide by the trial court's decision as to paternity. The record reveals that the "Human Leukocyte Antigen Tests" (HLA) which were performed resulted in a 98.14 percent cumulative probability that the husband was the biological father of the child in question. The trial court then entered an order finding that the husband was the father of the child. The husband then requested DNA blood testing. His request was denied.
Ala. Code 1975, § 26-17-12(a), allows a trial court to order blood tests in certain instances. However, it is not mandatory that the trial court order multiple tests. Johnson v. Doss,500 So.2d 1129 (Ala.Civ.App. 1986). Furthermore, paternity had been decided in Alabama courts long before blood tests were admissible evidence, and the trial court could have determined paternity without any blood tests. Therefore, we cannot say that the trial court erred in not ordering any additional testing.
The thrust of the wife's argument in her cross-appeal is that the court should have required the father to pay child support until the children attained the age of majority in Alabama (age 19). The husband contends, however, that the trial court was correct in following Utah law, which sets the age of majority at 18.
We have researched Alabama caselaw and have found no authority on this issue. We have, however, found a Missouri case which is instructive in this situation. See Thompson v.Thompson, 645 S.W.2d 79 (Mo.App. 1982).
In Thompson, the parties were divorced in Kansas, and custody of the parties' children was awarded to the mother. The father was ordered to pay child support until the children reached the age of 18, which was the age of majority set by statute in Kansas. Subsequent to the divorce, the mother moved with her children to Missouri. Missouri was also the residence of the father.
In 1980, the mother petitioned the Missouri court for a modification of child support, as set out in the Kansas divorce decree. After a hearing, the trial court ordered that the payment of child support was to continue until the minor children reached the age of 21, which is the age of majority is Missouri. This order was then affirmed by the Missouri Court of Appeals. Thompson, supra.
In Thompson, the Missouri Court of Appeals reasoned that there were competing policies at issue: First, the full faith and credit clause of Art. IV, § 1, of the United States Constitution in protecting the sovereignty of Kansas; and second, the policy of Missouri with respect to the protection of domiciled minors in the area of parental support. The Missouri court found, however, that the policy of the full faith and credit clause "does not grant carte blanche to a rendering state to infringe on the legitimate interests of a forum state simply by virtue of a valid judgment entered in the rendering state." Thompson, at 86.
 " '[T]here comes a point beyond which the imposition of the will of one state beyond its own borders involves a forbidden infringement of some legitimate domestic interest of the other,' [Yarborough v. Yarborough, 290 U.S. 202, at 215, 54 S.Ct. 181, at 186, 78 L.Ed. 269 (1933)], and that that 'point' was especially likely to be crossed in cases of child support.
 " 'Whatever may be said of the local interest which was deemed controlling in those cases in which this Court has denied to a state judgment the same force and effect outside the state as is given to it at home, it would not seem open to serious question that every state has an interest in securing the maintenance and support of minor children residing within its own territory *Page 819 
so complete and so vital to the performance of its functions as a government that no other state could set limits upon it.'
"Id. at 225, 54 S.Ct. at 190."
Thompson, supra, at 86. The Missouri court further determined that a support decree governs a continuing relationship of a child and his parent, and, at the time the modification was sought, Missouri was responsible for the welfare of the parties' children. Therefore, the Missouri court held that Missouri did not have to accede to a judgment of a sister state concerning a continuing matter that had become a purely internal affair of Missouri.
The facts in Thompson are very similar to the facts in the present case. Here, the wife and husband were divorced in Utah, with custody of the children awarded to the wife. The husband was ordered to pay child support until the children reached the age of majority, which is 18 under Utah law. Subsequent to the divorce, the husband moved to Montana, and the wife and children moved to Alabama.
As noted above, the husband filed a petition in Alabama for custody of and/or visitation with the children. The wife then petitioned the Alabama court for a modification of the child support provision of the Utah divorce decree. Here, the trial court increased the amount of child support, but specifically limited the age of majority to the age of 18, as set forth by the laws of Utah.
Since this question is one of first impression here, and since the rationale expressed in the Thompson case lends itself to the instant case, we adopt it. At the time the modification was sought, Alabama, as the forum state, was responsible for the welfare of the parties' two minor children. None of the parties involved remained in Utah, and, although the husband was not a resident of Alabama, he availed himself of Alabama's jurisdiction when he initiated the proceedings here. Clearly, Alabama is the state with a legitimate continuing interest in this matter, and the trial court should have found that child support was to continue until the children attained the age of majority, i.e., 19 years, as set out by Alabama law.
All requests for attorneys' fees for representation on appeal are denied.
As concerns the husband's issues concerning the amount of child support and additional blood tests, this case is affirmed. However, as concerns the wife's cross-appeal concerning the age of majority, this case is due to be reversed and remanded with instructions to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.