In re the MARRIAGE OF Marilyn
Petersen McCABE, Appellee,

and

Joseph Charles McCabe, Appellant.

No. 90CA0689.

Colorado Court of Appeals,
Div. I.

Sept. 26, 1991.

Richard O'Brien Moore, Denver, for appellee.

Linda M. Rediger, Lakewood, for appellant.

Opinion by Judge DUBOFSKY.

In this action concerning an order for support of a minor child of Joseph Charles McCabe (husband) and Marilyn Petersen McCabe (wife), husband appeals the trial court ruling that his child support obligation continues until the child reaches the age of 21, is emancipated, or until further order of court. We affirm.

The marriage of husband and wife was dissolved by a California decree of dissolution entered in 1973. Wife was awarded custody of the parties' minor child, born May 1972, and both now reside in the state of Virginia. Husband left California and resided in Colorado when this suit commenced.

In September 1988, wife petitioned in Colorado for registration of the California decree under § 14–11–101, C.R.S. (1987 Repl.Vol. 6B) and also sought an increase in support. The parties stipulated to the increase and jointly requested that the trial court issue a declaratory judgment as to whether California or Colorado law applied regarding the age of emancipation of the minor child.

The trial court concluded that the California decree remained modifiable as to child support, especially since the parties had stipulated to an increase in support. It also determined that the proceedings under § 14–11–101 did not violate the full faith and credit clause of either the Colorado or the United States Constitution. Finding that, under the public policy of Colorado, a child is presumptively emancipated for purposes of child support at age 21, the trial court ordered that support continue until the child attains the age of 21, is emancipated, or until further order of court.

The sole issue on appeal is whether the full faith and credit clause is violated when Colorado's law as to the age of emancipation is applied to a foreign support order that is docketed and modified under § 14–11–101. Husband argues that California law, which provides that the age of emancipation is 18 (unless a child is living at home and attending high school or is unable to work and is in need), applies here. We disagree.

Husband argues that the application of Colorado law to increase the age of emancipation for child support to 21 violates the full faith and credit clause because the California decree is final and unmodifiable within the State of California.

■ A divorce decree as to past due installments of alimony or child support is within the protection of the full faith and credit clause and may not be modified as long as the courts in the state which rendered the decree have no discretion to modify such accrued installments. *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *In re Marriage of Glickman v. Mesigh*, 200 Colo. 320, 615 P.2d 23 (1980).

■ Child support installments under a sister state's decision may be modified as long as such installments are subject to modification by the courts of the rendering state. *State of New York ex rel. Halvy v. Halvy*, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1943). Restatement (Second) of Conflicts of Law § 109 (1971).

■ It is not certain that a California decree as to the child's age of emancipation is nonmodifiable for all time and in all circumstances. *See Rosher v. Superior Court*, 9 Cal.2d 556, 71 P.2d 918 (1937) (if

legislation again raises the age to 21, then a decree based on an 18-year-old majority can be raised). However, since the modifiability of the California decree is at best highly speculative, we proceed here as if it cannot be modified within California. *See In re Marriage of Pilcher*, 51 Cal.App.3d 142, 123 Cal.Rptr. 868 (1975).

Nevertheless, we conclude that, under these circumstances, the fact the decree is not modifiable in California as to payments beyond age 18 does not make Colorado's decision changing the age to 21 violative of the full faith and credit clause.

Section 14–11–101(1), C.R.S. (1987 Repl. Vol. 6B) provides, in pertinent part, that once a court acquires jurisdiction over the subject matter of the parties, it "is empowered to amend, modify, set aside, make new orders as the court may find necessary and proper so as to do justice in equity to all parties to the action according to the public policy of this state...." This section evidences a legislative intent that a foreign support order docketed pursuant to the Act be treated as if it were a Colorado support order for all purposes in a manner consistent with constitutional requirements of full faith and credit. *In re Marriage of Lyon*, 764 P.2d 384 (Colo.App.1988).

Despite the statement in *In re Marriage of Glickman v. Mesigh, supra*, that if a decree is not modifiable in the rendering state, the full faith and credit clause precludes it from being modified in Colorado, we conclude that this general statement is not necessarily true if, at the time the request for change is made, the parties, particularly the obligor, are no longer residing in the rendering state. Furthermore, *Glickman* left open the question at issue here, *i.e.*, whether a Colorado court, consistent with the full faith and credit clause, can modify a foreign judgment for support under § 14–11–101 in accordance with Colorado statutory policy when that policy is substantially different from, or inconsistent with, the statutory policy of the state of rendition.

In *Yarborough v. Yarborough*, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269 (1933), the Court held that where a divorce and child support decree in Georgia provided that the father could extinguish his child support responsibilities by making a lump sum child support payment, a South Carolina court order providing additional and extended child support payments violated the full faith and credit clause of the United States Constitution. In reaching this conclusion, however, the court relied heavily on the fact that the father (obligor) had remained in Georgia where the decree was initially rendered. In addition, the court noted that the domicile of the obligor is given great weight both nationally and internationally in determining the effect of a prior decree and the locus of the law to be applied.

The *Yarborough* court reserved and did not answer the question whether the Georgia child support decree must be accorded the same full faith and credit effect if the father's residence was outside of Georgia when the subsequent request for child support was made in another state.

Therefore, the question that we must answer is whether the movement of the child and mother from California to Virginia and the presence of the husband/obligor in Colorado affects the full faith and credit implications of the California decree. We conclude that it does.

In *Thompson v. Thompson*, 645 S.W.2d 79 (Mo.App.1982), a child support decree was initially entered in Kansas where the parties and child resided. Under Kansas law, the child reached majority at age 18, and therefore, the father was required to pay support only until that time. But, the entire family moved to Missouri, and action was later commenced there to require child support payments under Missouri law to age 21. The father asserted that the full faith and credit clause barred an increase in the length of child support payments pursuant to Missouri law.

The Missouri court found that because the entire family, especially husband/obligor, lived in Missouri, Kansas' interest in using the full faith and credit clause to protect its sovereignty and policy of protecting and providing child support to domiciled minors did not prohibit Missouri from applying its 21-year-old majority standard.

Also, in *Finney v. Eagly,* 568 So.2d 816 (Ala.Civ.App.1990), there was an initial divorce and support decree entered in Utah. Utah limited child support to age 18. Mother and child subsequently moved to Alabama. The father moved to Montana. The mother and child initiated another support proceeding in Alabama. The father filed responsive pleadings and cross-claims in Alabama. In resolving the issues presented by this situation, the *Finney* court implicitly held that since the parties were no longer in Utah, there was no violation of the full faith and credit clause in applying Alabama law and raising the age for child support to 19.

▮ Thus, it appears that the full faith and credit impact to be given a decree from one state to another depends not only on whether that decree is modifiable in the rendering state, *see In re Marriage of Glickman v. Mesigh, supra,* but also on the present domicile of the parties to the decree in relationship to the rendering state. *See Davis v. Sullivan,* 762 S.W.2d 495 (Mo.App.1988) (relying on *Yarborough* in holding that, where husband was still domiciled in Kansas and a prior Kansas child support decree existed, the full faith and credit clause barred Missouri from applying its 21-year-old emancipation law to his 18-year-old daughter); *Rudolf v. Rudolf,* 348 N.W.2d 740 (Minn.1984) (full faith and credit clause did not preclude Minnesota from modifying a Nevada alimony decree nonmodifiable in Nevada when neither party resided in Nevada and one of the parties was a Minnesota resident).

Under the Uniform Reciprocal Enforcement of Support Act (URESA), which has been adopted in some form by virtually all the states, the duties of child support are to be determined under the laws of the state where the obligor is present when the support is sought. Hence, the fact that California is a part of the URESA compact indicates that it is not demanding or expecting that its support decrees be enforced through the full faith and credit clause when URESA claims are brought by minor children where the obligor resides.

This view is supported by the ruling in *Elkind v. Byck,* 67 Cal.Rptr. 404, 439 P.2d 316 (1968). There, the father was domiciled in California at the time the action was brought. On this basis, the California court found, in a URESA action, that it could increase and lengthen the father's child support obligations from the requirements of the prior Georgia divorce and support decree. Pursuant to Georgia law, that decree had permitted the father to make a lump sum payment for child support.

In finding that the California decision to apply its own laws did not violate the full faith and credit clause, Chief Justice Traynor stated:

"Indeed, by the adoption of the reciprocal support legislation in almost all states ... the federal system now espouses the principle that no state may freeze the obligations flowing from the continuing relationship of parent and child.... The states now share the power over that relationship to the extent of the obligor's presence in each—a modified version of the exception stated by *Yarborough* in favor of the power of the obligor's domicile.... In deference to the clearly articulated national policy ... Georgia has expressly refrained from demanding that its judgment be conclusive elsewhere."

In *McDonald v. McDonald,* 634 P.2d 1031 (Colo.App.1981), a URESA action was initiated in Texas, the father/obligor resided in Colorado, and the mother and child in Texas. Under URESA, the case was transferred from Texas to the resident state of the obligor, father. This court held that Colorado's majority age of 21 should be applied to a child whose child support decree was entered in Oklahoma, rather than Oklahoma's majority age of 18. The full faith and credit issue was neither raised nor decided in the *McDonald* case.

Although the URESA laws are not dispositive here as they were in *McDonald* and *Elkind,* the fact that California has adopted URESA laws is significant evidence that it does not expect its decree and laws to apply here to determine the outcome of this suit. *See Scott v. Superior*

*Court,* 156 Cal.App.3d 577, 202 Cal.Rptr. 920 (1984); *Rosher v. Superior Court, supra.*

Thus, for two primary reasons, we conclude here that the full faith and credit clause does not restrict Colorado from applying its majority age to a subsequent child support action where a decree from another state with a different majority age is involved.

First, the absence of the parties from the rendering state, particularly the obligor and the child, diminishes the rendering state's interest in enforcing the decree in other states. Second, although the action here was not brought as a URESA action, the rendering state has, by adopting URESA laws, evidenced a general willingness to permit the laws of the obligor state to be applicable to further nonmodifiable child support payments. *See Elkind v. Byck, supra; Rudolf v. Rudolf, supra.*

We therefore conclude that, because none of the parties to the initial decree still reside in California and since California has adopted URESA, the full faith and credit clause does not preclude the application of Colorado law in this instance.

We note that, now, the age of emancipation has been legislatively declared generally to occur when a child attains the age of 19. However, the statutory amendment effecting this change is not applicable to a modification of child support with respect to a child whose nineteenth birthday falls before July 1, 1991. *See* Colo.Sess.Laws 1991, ch. 38, § 14–10–115(1.5)(c) at 235–236.

Order affirmed.

PIERCE and RULAND, JJ., concur.