SAM A. BEATTY, Retired Justice.
Shirley Louise Kenney Camp (“the mother”) appeals from a judgment denying her petition to modify the child support provisions of a Tennessee divorce judgment. The mother sought to register the Tennessee judgment in Alabama and to modify the child support provisions according to Alabama law, which requires a parent to pay child support until a child is 19 years old and allows a court to order post-minority support for college education. Tennessee law provides that a parent’s child support obligations terminate when the child reaches the age of 18, the age of majority in Tennessee. In denying the mother’s petition, the trial court held that the Tennessee judgment was entitled to full faith and credit pursuant to Article IV, § 1, of the United States Constitution. We affirm.
The mother and Ronald Gene Kenney (“the father”) were divorced in 1984 in Tennessee. The Tennessee divorce judgment incorporated a settlement agreement between the parties in which they agreed, among other things, that the mother would receive custody of their two children and that the father would pay child support of $450 *437 per child per month. They further agreed that when the older child reached the age of majority, child support would decrease to $450 per month. The father also agreed to be responsible for one-half of each child’s college tuition at a state school in Alabama or Tennessee. When the judgment was entered, the mother and children had already moved to Alabama, where they have lived since then. The father moved to Missouri after the divorce, and presently lives in Texas.
Pursuant to the Tennessee judgment, after the older child's 18th birthday, the father reduced the amount of child support paid from $900 to $450, with no objection from the mother. In May 1994, following the payment of his May child support for the younger child and in anticipation of the child’s 18th birthday on May 31, the father filed a motion with the Tennessee court requesting that he be relieved of any further obligation pursuant to Tennessee law for child support. The court granted his motion on June 14. Meanwhile, on May 26, the mother filed her petition with the trial court in Alabama requesting a modification of the father’s child support obligation in accordance with Alabama law to require child support until the younger child reached the age of 19, Alabama’s age of majority, and for post-minority educational support, for which Tennessee law does not provide. The mother’s petition was personally served upon the father while he was in Alabama to attend the child’s high school graduation ceremony.
The father filed a motion to dismiss, alleging a lack of personal and subject matter jurisdiction by the Alabama court. After a hearing, the trial court determined that it had personal jurisdiction over the father, pursuant to Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990), but held that the Tennessee judgment was a nonmodifiable order from a sister state and was entitled to full faith and credit. The trial court based its holding on the father’s payment of all remaining child support before the mother filed her petition, as well as Tennessee law, which precludes any parental obligation for post-minority support. On appeal, the mother argues that despite its nonmodifiable nature, the Tennessee judgment is not entitled to full faith and credit in the area of child support, relying on Finney v. Eagly, 568 So.2d 816 (Ala.Civ.App.1990). We note that the father does not cross-appeal the determination of personal jurisdiction.
In Finney, this court examined an issue similar to the one raised here by the mother. The Finney parents were divorced in Utah in 1978, after which the mother and children moved to Alabama and the father moved to Montana. In 1988, the father petitioned an Alabama court to modify the Utah divorce judgment with respect to custody and visitation. The mother then requested modification of the amount of child support paid by the father pursuant to the Utah judgment. The trial court modified the amount of child support, but found that the husband was obligated to support the children only until they reached the age of 18, the age of majority in Utah at the time of the parties’ divorce. We reversed, holding that the trial court should have required the father to pay child support until the children attained the age of majority in Alabama.
The father maintains that, notwithstanding Finney, Alabama must give full faith and credit to the Tennessee judgment. He points out that Finney is distinguishable from his case in two respects. First, the father contends that Finney should not apply because the Finney children had not yet reached the age of 18, and, therefore, the Utah judgment was still modifiable. In his case, the father emphasizes, he had already completed all obligations under the Tennessee judgment when the mother filed her petition to modify, and thus that judgment was nonmodifiable. Second, the father argues that he did not invoke the jurisdiction of the Alabama courts as did the father in Fin-ney, reiterating that the only reason Alabama has personal jurisdiction over him is because he was physically present in the state when he was personally served with the mother’s petition to modify. We must now decide whether the reasoning set forth in Finney also applies to a ease in which the judgment sought to be modified is nonmodifi *438 able in the rendering state. We need not address the father’s second argument.
The United States Constitution is the supreme law of our land, and unequivocally requires that a judgment that is non-modifiable in the state of its rendition is to be given full faith and credit by sister states. The Constitution declares that “full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.” U.S. Constitution art. IV, § 1. Alabama law has long complied. The general rule in Alabama is that a divorce judgment of a sister state will be given full faith and credit by an Alabama court to the extent that the judgment is no longer modifiable under the law of the sister state. McBride v. McBride, 380 So.2d 886 (Ala.Civ. App.1980). See also Green v. Green, 239 Ala. 407, 195 So. 549 (1940). Alabama law does allow our courts to modify the provisions of a sister state’s judgment relative to future installments of child support, upon obtaining proper jurisdiction over the parties. Quebedeaux v. Lord, 599 So.2d 51 (Ala.Civ.App. 1992). The Finney case is, therefore, distinguishable from the case before us because Finney involved the modification of future installments of child support. We conclude that in the case of a sister state’s judgment that is nonmodifiable in the rendering state, Alabama courts are required to give full faith and credit to that judgment, including its child support provisions. Public policy considerations cannot override constitutional mandates.
We sympathize with this child, who would have been entitled to additional child support under an Alabama judgment. Nevertheless, the obligations of the child’s parents after their divorce were governed by a Tennessee judgment, and Tennessee has chosen to discontinue parental support obligations when its children reach the age of 18. Unlike the father in Finney, the father here had completely satisfied his obligations to his child under the Tennessee judgment, upon which he was entitled to rely. His rebanee upon that final judgment falls squarely within the protection that the Full Faith and Credit Clause affords, and that clause precluded the trial court from modifying the Tennessee judgment.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.